**Charles Windell FERRELL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 02–97–166–CR.**

Court of Appeals of Texas,
Fort Worth.

April 9, 1998.

William S. Harris, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Danielle A. LeGault, Andrea Rentie, Betty Arvin, Assistant Criminal District Attorney, Fort Worth, for Appellee.

Before DAY, LIVINGSTON, and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Charles Windell Ferrell was convicted by a jury of indecency with a child and sentenced to 10 years' confinement. Ferrell contends that the indictment did not give him adequate notice to prepare a defense, that the indictment doesn't plead the crime with sufficient particularity to bar further prosecution, and that the trial court abused its discretion by admitting reputation testimony from the child's school counselor. We affirm the trial court's judgment.

## Background

Ferrell was charged by indictment that, on or about the 1st day of February, 1995, he committed the offenses of aggravated sexual assault and indecency with a child. The indictment states that Ferrell intentionally or knowingly caused the child's sexual organ to contact his, that he penetrated the mouth of the child with his sexual organ, that he touched the child's genitals, and that he caused the child to touch his sexual organ.

The day before trial the State filed a rule 404(b) notice of intent to use extraneous offenses listing seven different incidents. *See* TEX.R.CRIM. EVID. 404(b). Ferrell filed a motion for continuance that was heard the next day. At the hearing the State informed the court they would withdraw three of the accusations, leaving four instances between Fall of 1993 and February of 1995 that involved sexual contact by touching and penetration. Ferrell's motion to set aside the indictment because of lack of specificity was denied by the trial court and the case proceeded to trial.

## The Indictment

In all criminal prosecutions, an accused has the right to demand to know the nature and cause of the accusation against him and to have a copy thereof. *See* U.S. CONST. amend. VI; TEX.CODE CRIM. PROC. ANN. art. 1.05 (Vernon 1977). Due process and due course of law guarantee that an accused must receive notice of the charges against him. *See* U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 19.

■ The indictment alleged that Ferrell, on or about the 1st day of February, 1995, committed the offenses of aggravated sexual assault and indecency with a child. The indictment presents four incidents of sexual misconduct. Ferrell first contends that the indictment did not give him adequate notice to prepare a defense. Ferrell does not contest the timeliness of the State's filing of a rule 404(b) notice of extraneous offenses, but

asserts the issue of whether an indictment alleging an "on or about" date gives sufficient notice of the crime with which he had been charged.[1]

*Sledge v. State,* 953 S.W.2d 253 (Tex.Crim. App.1997) acknowledges the principle that the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is before the presentment of the indictment and within the statutory limitation period. *See id.* at 256. An indictment alleging that some relevant event transpired "on or about" a particular date, gives the accused notice to prepare for proof that the event happened at any time within the statutory period of limitations. *See id.* Ferrell's first issue is overruled.

Ferrell's second issue · is that the indictment is constitutionally invalid because the indictment is not specific enough to allow Ferrell to plead the judgment in the case as a bar of subsequent prosecution. "The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." TEX.CODE CRIM. PROC. ANN. art. 21.04 (Vernon 1989).

■ The Court of Criminal Appeals recognized in *Sledge* that labeling an offense "extraneous" for purposes of *notice* does not make the offense an "extraneous" one. *See id.* at 256. The Court rejected Sledge's argument that the offenses, labeled as "extraneous" in the State's 404(b) notice, separated them from the offense for which he was indicted. *See id.* at 256–57. However, the Court in *Sledge* did not fully resolve a two-pronged issue that Ferrell presents: whether an "on-or-about" indictment for the offense of indecency with a child entitles prosecutors to (1) prove the alleged offense at trial by using evidence of a continuing course of conduct by the accused that, within the limitations period, included sexual offenses done *seriatim* by the accused to that same child; then (2) later lawfully indict and prosecute the accused separately for each of the acts that the State relied on at the initial trial as part of the continuing course of misconduct? We conclude the answer is no.

We often encounter child sexual assault cases with facts similar to the present case where, although the indictment alleges an offense occurring "on or about" a specific date, the appellant has engaged in a continuing course of criminal indecency with the same child over a period of several years, all within the statute of limitations period.

■ Ferrell's trial did not include evidence of offenses extraneous to that for which Ferrell was indicted, but did include evidence of acts done in a continuing course of criminal indecency with a child, all within the limitations period. The State was entitled to present evidence of any of the specific acts of sexual misconduct involving appellant and the named victim that occurred within the statute of limitations period. *See Sledge,* 953 S.W.2d at 256.

■ Ferrell also maintains that his indictment lacks certainty and therefore he has no protection against twice being placed in jeopardy for the same offense. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 14; TEX. CODE CRIM. PROC. ANN. art. 1.10 (Vernon 1977). We are not persuaded.

The facts of this case clearly demonstrate that to obtain Ferrell's conviction in this case, the State has relied on evidence of specific acts that he did within a continuing course of conduct with the victim as proof that he committed the offense for which he was indicted. Because Ferrell's indictment in this case is certain enough to permit the introduction of that evidence, Ferrell is constitutionally and statutorily protected from the double jeopardy of a future indictment or trial for any or all of the same acts for which he was prosecuted in this case. Thus, the judgment in this case would bar Ferrell's future prosecution for all of the sexually abusive acts that were proved to obtain his conviction. Ferrell's second issue is overruled.

---

1. Ferrell could have filed a motion for the State to elect a specific instance of misconduct but did not. *See Yzaguirre v. State,* 957 S.W.2d 38, 40– 41, (Tex.Crim.App. 1997) (Meyers, J. concurring).

## 474

### Reputation Testimony

 Under his third issue, Ferrell contends that the State's reputation witness was not qualified to give an opinion on the child's reputation for truthfulness. Reputation witnesses' testimony must be based on discussion with others about the subject, or on hearing others discuss the person's reputation, and not just on personal knowledge. *See* Tex.R.Crim. Evid. 405; *House v. State,* 909 S.W.2d 214, 218 (Tex.App.—Houston [14th Dist.] 1995), *aff'd,* 947 S.W.2d 251 (Tex. Crim.App.1997). Rule 405 requires only "substantial familiarity" with the reputation of the accused. *Hernandez v. State,* 800 S.W.2d 523, 524–25 (Tex.Crim.App.1990). The decision to admit or exclude the proposed opinion testimony will not be disturbed unless a clear abuse of discretion is shown. *See Burnett v. State,* 842 S.W.2d 296, 298 (Tex.App.—Fort Worth 1992, pet. ref'd).

Here, a school counselor testified that she was required to deal with children with discipline problems and that the child had never been referred to her for lying. She was in a unique position to know the child's reputation for truthfulness. The counselor also testified that she spoke with the child's teacher about her reputation for truthfulness. On these facts, the trial court did not abuse its discretion in allowing the testimony. Ferrell's third issue is overruled.

### Cross–Point

 The State asks us to consider in a cross-point whether the trial court erred in sustaining Ferrell's *Batson* challenge to a venire-person. An advisory opinion is one which "adjudicates nothing and is binding on no one." *See Gonzales v. State,* 864 S.W.2d 522, 523 (Tex.Crim.App.1993). Because we overrule all of Ferrell's issues, our opinion on the State's cross-point would not affect the disposition of this case and would be advisory. We have no authority to render an advisory opinion and we will not consider the State's cross-point. *See id.* at 524.

### Conclusion

Because the indictment gave sufficient notice to prepare a defense, the indictment was specific enough to allow Ferrell to plead the judgment as a bar to subsequent prosecution, and the admission of the reputation testimony was not an abuse of discretion, we affirm the trial court's judgment.