Michael D. Jones v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

Nos. 10-99-052-CR & 10-99-053-CR

     MICHAEL D. JONES,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court Nos. 15020 and 15021
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Michael David Jones pleaded guilty before a jury to two counts of aggravated sexual
assault of a child. See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i), (iii), (2)(B) (Vernon Supp.
2000).


 The jury assessed his punishment at ten years’ confinement on each count, and the
court ordered the sentences to run concurrently. Jones claims in a single issue that the court
erred by failing to include the extraneous offense instruction required by article 37.07, section
3(a) of the Code of Criminal Procedure in the charge.
      The indictments each allege that Jones committed these offenses “between the 1st day of
February, 1998 and the 16th day of May, 1998.” The prosecutor told the jury at least four
times during his opening statement that Jones “molested” the victim “for 2 ½ months.” A
police detective testified that he interviewed Jones about the allegations during the course of
the investigation. After advising Jones of his rights, the detective asked him about the
allegations. According to the detective, Jones admitted that he had penetrated the victim’s
vagina with his finger “once or twice.” He also admitted that he had licked the victim’s
“vaginal area” during a period of between two and two-and-one-half months. The State also
offered in evidence Jones’s written stipulations and judicial confessions, in each admitting that
he had committed the offenses as alleged “between the 1st day of February, 1998 and the 16th
day of May, 1998.”
      The court’s charge did not contain the extraneous offense instruction which article 37.07,
section 3(a) of the Code of Criminal Procedure requires when evidence of extraneous matters
is introduced at the punishment phase of trial. See Huizar v. State, 12 S.W.3d 479, 483-84
(Tex. Crim. App. 2000) (op. on reh’g); Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)
(Vernon Supp. 2000). In closing argument, Jones’s counsel reminded the jurors that the
indictments alleged only two distinct offenses and argued that this case does not involve “a
multiple act over that period of two months.” The State responded by twice referring to the
detective’s testimony that Jones had admitted “that he had been doing this for 2 ½ months.”
      In his sole issue, Jones contends that the court erred by failing to include an article 37.07,
section 3(a) burden-of-proof instruction in the charge. It is true that the statute requires a trial
court to submit a reasonable doubt instruction in the punishment charge when evidence of
extraneous offenses has been admitted. See Huizar, 12 S.W.3d at 483-84. However, the State
did not offer evidence of any extraneous offenses in Jones’s case. See Sledge v. State, 953
S.W.2d 253, 255-56 (Tex. Crim. App. 1997); Ferrell v. State, 968 S.W.2d 471, 473 (Tex.
App.—Fort Worth 1998, pet. ref’d).
      The evidence in Jones’s case is similar to that introduced in Sledge. There, the indictment
alleged that Sledge committed two offenses “on or about August 31, 1988.” Id. at 254. At
Sledge’s request, the State filed a pre-trial notice pursuant to former Rule of Criminal Evidence
404(b) “listing several instances of sexual abuse.” Id. When Sledge asked the State to elect
the two offenses for which it intended to seek a conviction, it chose to proceed on two events
which the evidence at trial showed to have occurred in 1986 and 1987. Id. at 254-55. Sledge
argued that the State was allowed to convict him of two “unindicted, extraneous offenses
identified as such [by the Rule 404(b) notice].” Id. at 255. The Court rejected this argument
concluding that the offenses were not extraneous because they occurred before presentment of
the indictment and within the limitations period. Id. at 255-56. The Court also held that the
State’s Rule 404(b) notice did not change the character of the offenses alleged. Id. at 256.
      In Jones’s case, the State offered evidence of offenses which occurred before presentment
of the indictment and within the time parameters alleged in the indictment. Id. at 255-56;
Ferrell, 968 S.W.2d at 473. The State offered no evidence of any “crime or bad act”
extraneous to the allegations of the indictment. See Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a); Sledge, 953 S.W.2d at 255-56; Ferrell, 968 S.W.2d at 473. Accordingly, the trial
court was not required to submit the reasonable doubt instruction called for by article 37.07,
section 3(a). Thus, we overrule Jones’s sole issue.
      We affirm the judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
      Justice Vance and
      Justice Gray
Affirmed
Opinion delivered and filed August 9, 2000
Do not publish