NO. 07-08-00226-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
21, 2010

 



 

VICENTE OCHOA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 222ND DISTRICT COURT OF DEAF
SMITH COUNTY;

 

NO. CR-06J-146; HONORABLE ROLAND D. SAUL, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant Vicente
Ochoa appeals from the revocation of his community supervision and the
resulting sentence of five years of imprisonment in the Institutional Division
of the Texas Department of Criminal Justice. 
Through three issues, appellant argues the trial court erred in not
making a written statement regarding revocation of his community supervision
and abused its discretion by finding a breach of the terms of appellant=s community
service; and contends the State=s motion to revoke
inadequately informed appellant of the State=s
allegations.  We find no error and, as
modified, affirm the trial court=s order to revoke.

Background

On January 24,
2007, appellant entered a plea of guilty to the offense of felony driving while
intoxicated.[1]  As part of his agreement with the State,
appellant was placed on community supervision for a period of five years.  Appellant=s supervision was
subject to certain terms and conditions.

On August 8, 2007,
the State filed its First Amended Motion to Revoke Probation, alleging: (1) on
or about May 1, 2007, appellant committed the offense of Indecency with a Child
in violation of his probated sentence; (2) appellant failed to remain within
the confines of Deaf Smith County, Texas, in violation of his probated
sentence; and (3) appellant failed to perform his community service hours, in
violation of his probated sentence.  The
court heard the State=s motion on May 13, 2008.

At the hearing,
the State waived the Indecency with a Child allegation[2]
and proceeded on the remaining two allegations. 
Appellant plead Anot true@ to each of the
State=s remaining
allegations.  The State presented the
testimony of appellant=s community supervision officer and a Deaf
Smith County police officer.  Appellant
cross-examined each of the State=s witnesses and
presented the testimony of appellant=s wife during the
punishment phase of the hearing.

Appellant=s community
supervision officer testified that under the terms of appellant=s community
supervision, he was required to: (1) work at least eight hours per week toward
his required 160 hours of community service until the completion date of August
15, 2007; and (2) to remain within the confines of Deaf Smith and Oldham
Counties and not to leave without written permission of the court.  The supervision officer testified appellant
completed only seven hours of his community service requirement from the time
he was placed on probation in January 2007 and that he completed these hours at
the Alcoholics Anonymous building.  The
officer testified that he repeatedly explained the requirements, assured
himself of appellant=s understanding of the requirements, and
attempted to place appellant in a community service project that was convenient
for him.  The officer testified that
according to his records for the months of February, March, April, and May
2007, appellant had not completed any community service hours and completed
only seven in the month of June 2007. Appellant did not complete any hours in
July or August 2007.

Appellant=s community
supervision officer also testified appellant never requested that he be given a
travel permit to go to El Paso, Texas. 
The officer also indicated he spoke with appellant about that issue on
August 2, 2007.  A Deaf Smith County
police officer identified appellant in the courtroom and testified that on or
about July 25, 2007, he left Deaf Smith County and traveled to El Paso County
to transport appellant back to Deaf Smith County. On cross-examination, the
officer indicated the actual date was July 30, 2007.  Appellant was in custody in El Paso at the
time the officer retrieved him. 

The court heard
this evidence, considered the arguments of counsel, and found the State=s allegations to
be true.  The court then heard punishment
evidence and sentenced appellant to five years of imprisonment.  This appeal followed.

Analysis

Failure to Provide
Written Statement Concerning Grounds for Revocation

In his first
issue, appellant argues the trial court erred in failing to provide a written
statement as to the evidence relied on and the reasons for revoking community
supervision, thereby violating appellant=s due process
rights.  We disagree.[3]

Due process in the
revocation context requires: (1) a hearing; (2) written notice of the claimed
violations; (3) disclosure of the evidence against the defendant; (4) an
opportunity to be heard and to present witnesses and documentary evidence; (5)
a neutral hearing body; and (6) Aa written statement
by the fact finder as to the evidence relied on and the reasons for revoking
probation.@  Carmona
v. State, 185 S.W.3d 492, 495 (Tex.Crim.App. 2006), citing Gagnon v.
Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).  When a defendant timely requests the entry of
specific findings of fact on which revocation is based, the trial court errs in
failing to enter such findings of fact.  Whisenant v. State, 557 S.W.2d 102, 105 (Tex.Crim.App.
1977); Joseph v. State, 3 S.W.3d 627, 639 (Tex.App.BHouston
[14th Dist.] 1999, no pet.). 
The failure to make the requested findings may require reversal if their
omission impedes appellate review of the revocation.  Joseph, 3 S.W.3d at
639, citing Ford v. State, 488 S.W.2d 793, 795 (Tex.Crim.App. 1972).  However, the trial court is not required to
issue separate findings if the judgment or revocation order discloses the
grounds for revocation found by the court. 
See Joseph, 3 S.W.3d at 640 (concluding that handwritten
notations on the revocation order sufficed).








Here, the record
reflects appellant did not request the entry of specific findings of fact.  The judgment listed the conditions violated
by paragraph number and description of the condition. The record also reflects the
trial court orally specified the particular conditions violated and their
factual bases at the end of the revocation hearing, finding each of the two
violations Atrue.@  The court=s written judgment
recites, A[t]he Court, after hearing all of the
evidence for the State and the Defendant and arguments of counsel, was of the
opinion and found that the Defendant violated the conditions of community
supervision as stated above.@  Thus, the record shows appellant was afforded
adequate notice of the grounds underlying the court=s revocation, and
his ability to prosecute an appeal was not diminished by the absence of further
findings.  See Reasor v. State, 281 S.W.3d 129 (Tex.App.BSan
Antonio 2008, no pet.) We overrule appellant=s first issue.








Notice in State=s First Amended
Motion to Revoke








In appellant=s last issue, he
contends his due process rights were violated because the State=s amended motion
stated that A[t]he defendant probationer [appellant]
failed to remain within the confines of Deaf Smith County, Texas in violation
of Article 13 of his probated sentence. 
He was in El Paso, Texas on or about July 25, 2007.@  However, testimony at trial indicated
appellant was transported on July 30, 2007.  
Appellant never claimed surprise or requested a continuance of the
hearing based on the different dates. 
Nevertheless, appellant now argues the difference in the dates
constitutes a material variance that violated appellant=s due process
rights because the motion did not provide notice of the charges against
appellant.

            We find the State=s motion provided
adequate notice of the charges against appellant.  Due process entitles probationers facing a
revocation proceeding to written notice of their alleged violations.  Ruedas v. State, 586
S.W.2d 520, 523 (Tex.Crim.App. 1979), citing Gagnon, 411 U.S. at 778; Weed
v. State, 891 S.W.2d 22, 24 n.4 (Tex.App.BFort
Worth 1995, no writ).  An application
to revoke need not meet the specificity requirements of an indictment or
information; it is sufficient that the State allege a violation of the law and give
the probationer fair notice.  Pierce
v. State, 113 S.W.3d 431, 436 (Tex.App.—Texarkana 2003), citing Chacon
v. State, 558 S.W.2d 874, 876 (Tex.Crim.App. 1977).  See also Poteet v. State, No.
07-06-0238-CR, 2008 WL 2579675, *2 (Tex.App.BAmarillo
June 27, 2008, no pet.) (mem. op., not designated
for publication).








It is well
established that the State may allege the commission of an offense Aon or about@ a certain date,
and this allegation allows the State to prove any date that is anterior to
presentment and within the statutory limitations period.  See Garcia v. State, 981 S.W.2d 683,
685-86 (Tex.Crim.App. 1998); Sledge v. State, 953 S.W.2d 253, 256
(Tex.Crim.App. 1997); Ferrell v. State, 968 S.W.2d 471, 473 (Tex.App.BFort
Worth 1998, pet. ref=d).  An indictment that alleges an Aon or about@ date puts a
defendant on notice that he must be prepared to defend against the alleged act
of criminal misconduct within the applicable statute of limitations.  See Garcia, 981
S.W.2d at 686; Ferrell, 968 S.W.2d at 473; Kosick v. State, No.
02-06-056-CR, 2007 WL 2460351 (Tex.App.BFort Worth Aug. 31, 2007, no pet.) (mem. op.,
not designated for publication).  Given
the less restrictive requirements that apply in a
revocation hearing, we find the same principle applies to motions to revoke. See Pierce, 113 S.W.3d
at 436. See also Mauney v. State, 107
S.W.3d 693, 695 (Tex.App.—Austin 2003, no pet.), citing Labelle v. State, 720 S.W.2d 101, 104 (Tex.Crim.App. 1986)
(the State is free to prove a violation occurred any time before the filing of
the motion to revoke and during the probation period so long as the State
pleads the violation occurred “on or about” a specified date and that it
occurred while the defendant was on probation). 
Therefore,
the State=s allegation of Aon or about July
25, 2007" encompasses the date of July 30, 2007, on which the police
officer retrieved appellant from El Paso, Texas.  We find no due process violation as the
motion provided adequate notice of the term appellant was alleged to have
violated.  We overrule appellant=s last issue.

Reformation of
Judgment

            In our
review of the record, it came to our attention that the judgment nunc pro tunc
includes a clerical error.  The judgment
indicates appellant plead “true” to the State’s allegations.  The reporter’s record indicates appellant
plead “not true” to the State’s allegations. 


            This court has the power
to modify the judgment of the court below to make the record speak the truth
when we have the necessary information to do so. Tex. R. App. P.
43.2(b); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.Crim.App.
1993); Asberry v. State, 813 S.W.2d 526, 529-30
(Tex.App.--Dallas 1991, pet. ref'd).
"The authority of an appellate court to reform an incorrect judgment is
not dependent upon the request of any party, nor does it turn on the question
of whether a party has or has not objected in the trial court." Asberry, 813 S.W.2d at
529-30.

Because the record unambiguously indicates
appellant plead “not true” to the State’s allegations, we modify the judgment
nunc pro tunc to correct the error.  As
modified, we affirm the judgment of the trial court.                                                                                                                                           

James T.
Campbell

                                                                                    Justice

Do not
publish.











[1] 
See Tex. Penal Code Ann. ' 49.09 (Vernon
2007).





[2] 
The
record indicates the State waived this allegation because there was a pending
case on that offense at the time of this hearing.  





[3]
We address
issues one and three raised by appellant but we do not address issue two.  In his second issue, appellant complains of
the sufficiency of the evidence only with regard to the allegation concerning
his failure to complete his community swevice. 
Even if we were to agree with appellant on his second point, proof of
one violation is sufficient to revoke community supervision. See Moore v.
State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980) (panel op.); Trevino v.
State, 218 S.W.3d 234, 240 (Tex.App.BHouston [14th
Dist.] 2007, no pet.) citing Greer v.
State, 999 S.W.2d 484, 486 (Tex.App.BHouston [14th
Dist.] 1999, pet.
ref=d).  With regard to the State’s allegation
concerning appellant’s failure to remain within the confines of Deaf Smith and
Oldham Counties, appellant complains only of the lack of notice in the State’s
motion.