NO. 07-08-00226-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 21, 2010

VICENTE OCHOA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-06J-146; HONORABLE ROLAND D. SAUL, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Vicente Ochoa appeals from the revocation of his community supervision and the resulting sentence of five years of imprisonment in the Institutional Division of the Texas Department of Criminal Justice.  Through three issues, appellant argues the trial court erred in not making a written statement regarding revocation of his community supervision and abused its discretion by finding a breach of the terms of appellant's community service; and contends the State's motion to revoke inadequately informed appellant of the State's allegations.  We find no error and, as modified, affirm the trial court's order to revoke.

Background

On January 24, 2007, appellant entered a plea of guilty to the offense of felony driving while intoxicated.[1]  As part of his agreement with the State, appellant was placed on community supervision for a period of five years.  Appellant's supervision was subject to certain terms and conditions.

On August 8, 2007, the State filed its First Amended Motion to Revoke Probation, alleging: (1) on or about May 1, 2007, appellant committed the offense of Indecency with a Child in violation of his probated sentence; (2) appellant failed to remain within the confines of Deaf Smith County, Texas, in violation of his probated sentence; and (3) appellant failed to perform his community service hours, in violation of his probated sentence.  The court heard the State's motion on May 13, 2008.

At the hearing, the State waived the Indecency with a Child allegation[2] and proceeded on the remaining two allegations.  Appellant plead "not true" to each of the State's remaining allegations.  The State presented the testimony of appellant's community supervision officer and a Deaf Smith County police officer.  Appellant cross-examined each of the State's witnesses and presented the testimony of appellant's wife during the punishment phase of the hearing.

---

[1]  *See* Tex. Penal Code Ann. § 49.09 (Vernon 2007).

[2]  The record indicates the State waived this allegation because there was a pending case on that offense at the time of this hearing.

Appellant's community supervision officer testified that under the terms of appellant's community supervision, he was required to: (1) work at least eight hours per week toward his required 160 hours of community service until the completion date of August 15, 2007; and (2) to remain within the confines of Deaf Smith and Oldham Counties and not to leave without written permission of the court. The supervision officer testified appellant completed only seven hours of his community service requirement from the time he was placed on probation in January 2007 and that he completed these hours at the Alcoholics Anonymous building. The officer testified that he repeatedly explained the requirements, assured himself of appellant's understanding of the requirements, and attempted to place appellant in a community service project that was convenient for him. The officer testified that according to his records for the months of February, March, April, and May 2007, appellant had not completed any community service hours and completed only seven in the month of June 2007. Appellant did not complete any hours in July or August 2007.

Appellant's community supervision officer also testified appellant never requested that he be given a travel permit to go to El Paso, Texas. The officer also indicated he spoke with appellant about that issue on August 2, 2007. A Deaf Smith County police officer identified appellant in the courtroom and testified that on or about July 25, 2007, he left Deaf Smith County and traveled to El Paso County to transport appellant back to Deaf Smith County. On cross-examination, the officer indicated the

3

actual date was July 30, 2007. Appellant was in custody in El Paso at the time the officer retrieved him.

The court heard this evidence, considered the arguments of counsel, and found the State's allegations to be true. The court then heard punishment evidence and sentenced appellant to five years of imprisonment. This appeal followed.

Analysis

*Failure to Provide Written Statement Concerning Grounds for Revocation*

In his first issue, appellant argues the trial court erred in failing to provide a written statement as to the evidence relied on and the reasons for revoking community supervision, thereby violating appellant's due process rights. We disagree.[3]

Due process in the revocation context requires: (1) a hearing; (2) written notice of the claimed violations; (3) disclosure of the evidence against the defendant; (4) an opportunity to be heard and to present witnesses and documentary evidence; (5) a neutral hearing body; and (6) "a written statement by the fact finder as to the evidence

---

[3] We address issues one and three raised by appellant but we do not address issue two. In his second issue, appellant complains of the sufficiency of the evidence only with regard to the allegation concerning his failure to complete his community swevice. Even if we were to agree with appellant on his second point, proof of one violation is sufficient to revoke community supervision. *See Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App. 1980) (panel op.); *Trevino v. State,* 218 S.W.3d 234, 240 (Tex.App.–Houston [14th Dist.] 2007, no pet.) *citing Greer v. State,* 999 S.W.2d 484, 486 (Tex.App.–Houston [14th Dist.] 1999, pet. ref'd). With regard to the State's allegation concerning appellant's failure to remain within the confines of Deaf Smith and Oldham Counties, appellant complains only of the lack of notice in the State's motion.

4

relied on and the reasons for revoking probation." *Carmona v. State,* 185 S.W.3d 492, 495 (Tex.Crim.App. 2006), *citing Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). When a defendant timely requests the entry of specific findings of fact on which revocation is based, the trial court errs in failing to enter such findings of fact. *Whisenant v. State,* 557 S.W.2d 102, 105 (Tex.Crim.App. 1977); *Joseph v. State,* 3 S.W.3d 627, 639 (Tex.App.–Houston [14th Dist.] 1999, no pet.). The failure to make the requested findings may require reversal if their omission impedes appellate review of the revocation. *Joseph,* 3 S.W.3d at 639, *citing Ford v. State,* 488 S.W.2d 793, 795 (Tex.Crim.App. 1972). However, the trial court is not required to issue separate findings if the judgment or revocation order discloses the grounds for revocation found by the court. *See Joseph,* 3 S.W.3d at 640 (concluding that handwritten notations on the revocation order sufficed).

Here, the record reflects appellant did not request the entry of specific findings of fact. The judgment listed the conditions violated by paragraph number and description of the condition. The record also reflects the trial court orally specified the particular conditions violated and their factual bases at the end of the revocation hearing, finding each of the two violations "true." The court's written judgment recites, "[t]he Court, after hearing all of the evidence for the State and the Defendant and arguments of counsel, was of the opinion and found that the Defendant violated the conditions of community supervision as stated above." Thus, the record shows appellant was afforded adequate notice of the grounds underlying the court's revocation, and his ability to prosecute an

appeal was not diminished by the absence of further findings. *See Reasor v. State,* 281 S.W.3d 129 (Tex.App.–San Antonio 2008, no pet.) We overrule appellant's first issue.

*Notice in State's First Amended Motion to Revoke*

In appellant's last issue, he contends his due process rights were violated because the State's amended motion stated that "[t]he defendant probationer [appellant] failed to remain within the confines of Deaf Smith County, Texas in violation of Article 13 of his probated sentence. He was in El Paso, Texas on or about July 25, 2007." However, testimony at trial indicated appellant was transported on July 30, 2007. Appellant never claimed surprise or requested a continuance of the hearing based on the different dates. Nevertheless, appellant now argues the difference in the dates constitutes a material variance that violated appellant's due process rights because the motion did not provide notice of the charges against appellant.

We find the State's motion provided adequate notice of the charges against appellant. Due process entitles probationers facing a revocation proceeding to written notice of their alleged violations. *Ruedas v. State,* 586 S.W.2d 520, 523 (Tex.Crim.App. 1979), *citing Gagnon,* 411 U.S. at 778; *Weed v. State,* 891 S.W.2d 22, 24 n.4 (Tex.App.–Fort Worth 1995, no writ). An application to revoke need not meet the specificity requirements of an indictment or information; it is sufficient that the State allege a violation of the law and give the probationer fair notice. *Pierce v. State,* 113 S.W.3d 431, 436 (Tex.App.—Texarkana 2003), *citing Chacon v. State,* 558 S.W.2d 874, 876 (Tex.Crim.App. 1977). *See also Poteet v. State,* No. 07-06-0238-CR, 2008 WL

6

2579675, *2 (Tex.App.–Amarillo June 27, 2008, no pet.) (mem. op., not designated for publication).

It is well established that the State may allege the commission of an offense "on or about" a certain date, and this allegation allows the State to prove any date that is anterior to presentment and within the statutory limitations period. *See Garcia v. State,* 981 S.W.2d 683, 685-86 (Tex.Crim.App. 1998); *Sledge v. State,* 953 S.W.2d 253, 256 (Tex.Crim.App. 1997); *Ferrell v. State,* 968 S.W.2d 471, 473 (Tex.App.–Fort Worth 1998, pet. ref'd). An indictment that alleges an "on or about" date puts a defendant on notice that he must be prepared to defend against the alleged act of criminal misconduct within the applicable statute of limitations. *See Garcia,* 981 S.W.2d at 686; *Ferrell,* 968 S.W.2d at 473; *Kosick v. State,* No. 02-06-056-CR, 2007 WL 2460351 (Tex.App.–Fort Worth Aug. 31, 2007, no pet.) (mem. op., not designated for publication). Given the less restrictive requirements that apply in a revocation hearing, we find the same principle applies to motions to revoke. *See Pierce,* 113 S.W.3d at 436. *See also Mauney v. State,* 107 S.W.3d 693, 695 (Tex.App.—Austin 2003, no pet.), *citing Labelle v. State,* 720 S.W.2d 101, 104 (Tex.Crim.App. 1986) (the State is free to prove a violation occurred any time before the filing of the motion to revoke and during the probation period so long as the State pleads the violation occurred "on or about" a specified date and that it occurred while the defendant was on probation). Therefore, the State's allegation of "on or about July 25, 2007" encompasses the date of July 30, 2007, on which the police officer retrieved appellant from El Paso, Texas. We find no

7

due process violation as the motion provided adequate notice of the term appellant was alleged to have violated. We overrule appellant's last issue.

*Reformation of Judgment*

In our review of the record, it came to our attention that the judgment nunc pro tunc includes a clerical error. The judgment indicates appellant plead "true" to the State's allegations. The reporter's record indicates appellant plead "not true" to the State's allegations.

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex.App.--Dallas 1991, pet. ref'd). "The authority of an appellate court to reform an incorrect judgment is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Asberry*, 813 S.W.2d at 529-30.

Because the record unambiguously indicates appellant plead "not true" to the State's allegations, we modify the judgment nunc pro tunc to correct the error. As modified, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

8