NO. 07-08-00226-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 APRIL 21, 2010

 VICENTE OCHOA, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

 NO. CR-06J-146; HONORABLE ROLAND D. SAUL, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant Vicente Ochoa appeals from the revocation of his community
supervision and the resulting sentence of five years of imprisonment in the
Institutional Division of the Texas Department of Criminal Justice.
Through three issues, appellant argues the trial court erred in not making
a written statement regarding revocation of his community supervision and
abused its discretion by finding a breach of the terms of appellant(s
community service; and contends the State(s motion to revoke inadequately
informed appellant of the State(s allegations. We find no error and, as
modified, affirm the trial court(s order to revoke.

 Background

 On January 24, 2007, appellant entered a plea of guilty to the offense
of felony driving while intoxicated.[1] As part of his agreement with the
State, appellant was placed on community supervision for a period of five
years. Appellant(s supervision was subject to certain terms and
conditions.

 On August 8, 2007, the State filed its First Amended Motion to Revoke
Probation, alleging: (1) on or about May 1, 2007, appellant committed the
offense of Indecency with a Child in violation of his probated sentence;
(2) appellant failed to remain within the confines of Deaf Smith County,
Texas, in violation of his probated sentence; and (3) appellant failed to
perform his community service hours, in violation of his probated sentence.
 The court heard the State(s motion on May 13, 2008.

 At the hearing, the State waived the Indecency with a Child
allegation[2] and proceeded on the remaining two allegations. Appellant
plead (not true( to each of the State(s remaining allegations. The State
presented the testimony of appellant(s community supervision officer and a
Deaf Smith County police officer. Appellant cross-examined each of the
State(s witnesses and presented the testimony of appellant(s wife during
the punishment phase of the hearing.

 Appellant(s community supervision officer testified that under the
terms of appellant(s community supervision, he was required to: (1) work at
least eight hours per week toward his required 160 hours of community
service until the completion date of August 15, 2007; and (2) to remain
within the confines of Deaf Smith and Oldham Counties and not to leave
without written permission of the court. The supervision officer testified
appellant completed only seven hours of his community service requirement
from the time he was placed on probation in January 2007 and that he
completed these hours at the Alcoholics Anonymous building. The officer
testified that he repeatedly explained the requirements, assured himself of
appellant(s understanding of the requirements, and attempted to place
appellant in a community service project that was convenient for him. The
officer testified that according to his records for the months of February,
March, April, and May 2007, appellant had not completed any community
service hours and completed only seven in the month of June 2007. Appellant
did not complete any hours in July or August 2007.

 Appellant(s community supervision officer also testified appellant
never requested that he be given a travel permit to go to El Paso, Texas.
The officer also indicated he spoke with appellant about that issue on
August 2, 2007. A Deaf Smith County police officer identified appellant in
the courtroom and testified that on or about July 25, 2007, he left Deaf
Smith County and traveled to El Paso County to transport appellant back to
Deaf Smith County. On cross-examination, the officer indicated the actual
date was July 30, 2007. Appellant was in custody in El Paso at the time
the officer retrieved him.

 The court heard this evidence, considered the arguments of counsel,
and found the State(s allegations to be true. The court then heard
punishment evidence and sentenced appellant to five years of imprisonment.
This appeal followed.

 Analysis

Failure to Provide Written Statement Concerning Grounds for Revocation

 In his first issue, appellant argues the trial court erred in failing
to provide a written statement as to the evidence relied on and the reasons
for revoking community supervision, thereby violating appellant(s due
process rights. We disagree.[3]

 Due process in the revocation context requires: (1) a hearing; (2)
written notice of the claimed violations; (3) disclosure of the evidence
against the defendant; (4) an opportunity to be heard and to present
witnesses and documentary evidence; (5) a neutral hearing body; and (6) (a
written statement by the fact finder as to the evidence relied on and the
reasons for revoking probation.( Carmona v. State, 185 S.W.3d 492, 495
(Tex.Crim.App. 2006), citing Gagnon v. Scarpelli, 411 U.S. 778, 786, 93
S.Ct. 1756, 36 L.Ed.2d 656 (1973). When a defendant timely requests the
entry of specific findings of fact on which revocation is based, the trial
court errs in failing to enter such findings of fact. Whisenant v. State,
557 S.W.2d 102, 105 (Tex.Crim.App. 1977); Joseph v. State, 3 S.W.3d 627,
639 (Tex.App.(Houston [14th Dist.] 1999, no pet.). The failure to make the
requested findings may require reversal if their omission impedes appellate
review of the revocation. Joseph, 3 S.W.3d at 639, citing Ford v. State,
488 S.W.2d 793, 795 (Tex.Crim.App. 1972). However, the trial court is not
required to issue separate findings if the judgment or revocation order
discloses the grounds for revocation found by the court. See Joseph, 3
S.W.3d at 640 (concluding that handwritten notations on the revocation
order sufficed).

 Here, the record reflects appellant did not request the entry of
specific findings of fact. The judgment listed the conditions violated by
paragraph number and description of the condition. The record also reflects
the trial court orally specified the particular conditions violated and
their factual bases at the end of the revocation hearing, finding each of
the two violations (true.( The court(s written judgment recites, ([t]he
Court, after hearing all of the evidence for the State and the Defendant
and arguments of counsel, was of the opinion and found that the Defendant
violated the conditions of community supervision as stated above.( Thus,
the record shows appellant was afforded adequate notice of the grounds
underlying the court(s revocation, and his ability to prosecute an appeal
was not diminished by the absence of further findings. See Reasor v.
State, 281 S.W.3d 129 (Tex.App.(San Antonio 2008, no pet.) We overrule
appellant(s first issue.

Notice in State(s First Amended Motion to Revoke

 In appellant(s last issue, he contends his due process rights were
violated because the State(s amended motion stated that ([t]he defendant
probationer [appellant] failed to remain within the confines of Deaf Smith
County, Texas in violation of Article 13 of his probated sentence. He was
in El Paso, Texas on or about July 25, 2007.( However, testimony at trial
indicated appellant was transported on July 30, 2007. Appellant never
claimed surprise or requested a continuance of the hearing based on the
different dates. Nevertheless, appellant now argues the difference in the
dates constitutes a material variance that violated appellant(s due process
rights because the motion did not provide notice of the charges against
appellant.

 We find the State(s motion provided adequate notice of the charges
against appellant. Due process entitles probationers facing a revocation
proceeding to written notice of their alleged violations. Ruedas v. State,
586 S.W.2d 520, 523 (Tex.Crim.App. 1979), citing Gagnon, 411 U.S. at 778;
Weed v. State, 891 S.W.2d 22, 24 n.4 (Tex.App.(Fort Worth 1995, no writ).
An application to revoke need not meet the specificity requirements of an
indictment or information; it is sufficient that the State allege a
violation of the law and give the probationer fair notice. Pierce v.
State, 113 S.W.3d 431, 436 (Tex.App.-Texarkana 2003), citing Chacon v.
State, 558 S.W.2d 874, 876 (Tex.Crim.App. 1977). See also Poteet v. State,
No. 07-06-0238-CR, 2008 WL 2579675, *2 (Tex.App.(Amarillo June 27, 2008, no
pet.) (mem. op., not designated for publication).

 It is well established that the State may allege the commission of an
offense (on or about( a certain date, and this allegation allows the State
to prove any date that is anterior to presentment and within the statutory
limitations period. See Garcia v. State, 981 S.W.2d 683, 685-86
(Tex.Crim.App. 1998); Sledge v. State, 953 S.W.2d 253, 256 (Tex.Crim.App.
1997); Ferrell v. State, 968 S.W.2d 471, 473 (Tex.App.(Fort Worth 1998,
pet. ref(d). An indictment that alleges an (on or about( date puts a
defendant on notice that he must be prepared to defend against the alleged
act of criminal misconduct within the applicable statute of limitations.
See Garcia, 981 S.W.2d at 686; Ferrell, 968 S.W.2d at 473; Kosick v. State,
No. 02-06-056-CR, 2007 WL 2460351 (Tex.App.(Fort Worth Aug. 31, 2007, no
pet.) (mem. op., not designated for publication). Given the less
restrictive requirements that apply in a revocation hearing, we find the
same principle applies to motions to revoke. See Pierce, 113 S.W.3d at 436.
See also Mauney v. State, 107 S.W.3d 693, 695 (Tex.App.-Austin 2003, no
pet.), citing Labelle v. State, 720 S.W.2d 101, 104 (Tex.Crim.App. 1986)
(the State is free to prove a violation occurred any time before the filing
of the motion to revoke and during the probation period so long as the
State pleads the violation occurred "on or about" a specified date and that
it occurred while the defendant was on probation). Therefore, the State(s
allegation of (on or about July 25, 2007" encompasses the date of July 30,
2007, on which the police officer retrieved appellant from El Paso, Texas.
We find no due process violation as the motion provided adequate notice of
the term appellant was alleged to have violated. We overrule appellant(s
last issue.

Reformation of Judgment

 In our review of the record, it came to our attention that the
judgment nunc pro tunc includes a clerical error. The judgment indicates
appellant plead "true" to the State's allegations. The reporter's record
indicates appellant plead "not true" to the State's allegations.

 This court has the power to modify the judgment of the court below to
make the record speak the truth when we have the necessary information to
do so. Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27-28
(Tex.Crim.App. 1993); Asberry v. State, 813 S.W.2d 526, 529-30 (Tex.App.--
Dallas 1991, pet. ref'd). "The authority of an appellate court to reform an
incorrect judgment is not dependent upon the request of any party, nor does
it turn on the question of whether a party has or has not objected in the
trial court." Asberry, 813 S.W.2d at 529-30.

 Because the record unambiguously indicates appellant plead "not true"
to the State's allegations, we modify the judgment nunc pro tunc to correct
the error. As modified, we affirm the judgment of the trial court.

 James T. Campbell
 Justice
Do not publish.
-----------------------
 [1] See Tex. Penal Code Ann. ( 49.09 (Vernon 2007).

 [2] The record indicates the State waived this allegation because
there was a pending case on that offense at the time of this hearing.

 [3] We address issues one and three raised by appellant but we do not
address issue two. In his second issue, appellant complains of the
sufficiency of the evidence only with regard to the allegation concerning
his failure to complete his community swevice. Even if we were to agree
with appellant on his second point, proof of one violation is sufficient to
revoke community supervision. See Moore v. State, 605 S.W.2d 924, 926
(Tex.Crim.App. 1980) (panel op.); Trevino v. State, 218 S.W.3d 234, 240
(Tex.App.(Houston [14th Dist.] 2007, no pet.) citing Greer v. State, 999
S.W.2d 484, 486 (Tex.App.(Houston [14th Dist.] 1999, pet. ref(d). With
regard to the State's allegation concerning appellant's failure to remain
within the confines of Deaf Smith and Oldham Counties, appellant complains
only of the lack of notice in the State's motion.