

# NUMBER 13-08-00409-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MANUEL CHAPA GARCIA,**                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                   **Appellee.**

---

### On appeal from the 214th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION ON REHEARING

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion on Rehearing by Justice Rodriguez

On August 30, 2010, appellant Manuel Chapa Garcia filed a motion for rehearing, requesting that the Court reconsider its disposition of his appeal. We grant the motion for rehearing, withdraw our previous opinion and judgment of August 25, 2010, and substitute the following in its place.

Garcia challenges his conviction for manslaughter by a jury, for which he was sentenced to ten years' incarceration. *See* TEX. PENAL CODE. ANN. § 19.04 (Vernon 2003). By one issue, Garcia argues that the trial court denied his due process rights under the United States Constitution when it refused to allow him to present evidence, related to his self-defense theory, of perceived danger and that the deceased was the first aggressor. We affirm.

## I. BACKGROUND[1]

Garcia was indicted for murder in connection with an altercation at a Denny's restaurant in Corpus Christi, Texas, in which he punched the deceased who fell back, hit his head, and died from that injury. At trial, Garcia raised the issue of self-defense, stating in his testimony that the deceased was the first aggressor. Following Garcia's testimony, counsel for Garcia informed the trial court that he wished to present the testimony of two witnesses in support of Garcia's first-aggressor self-defense theory:

[Defense counsel]: Your Honor, I don't plan on going into anything but reputation. I'm not going into any specifics. [The prosecution] may want to go into specifics, but I don't plan on going into it.

[Court]: You're saying that you're going to ask if they know his reputation in the community, whether that's good or bad?

[Defense counsel]: For certain character traits, yes, sir. For being an aggressive person, being a bully, being unpeaceful. Those are the character traits I want to go into.

. . . .

---

[1]Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

| [Court]: | I'll allow slight leeway.  Call your witness. |

Garcia then called Marcos Munoz as a witness, who testified, in relevant part, as follows:

| [Defense counsel]: | Mr. Munoz, do you know a man – or did you know . . . [the deceased]? |
| [Munoz]: | Yes, sir. |
| [Defense counsel]: | About how long a period of time have you known him? |
| [Munoz]: | About three years. |
| [Defense counsel]: | Did you know his reputation in the community in which he resided or in the area that he worked, did you know his reputation for being a peaceful person? |
| [Munoz]: | No, sir. |
| [Defense counsel]: | You didn't know his reputation for being a peaceful person? |
| [Munoz]: | No, sir. |
| [Defense counsel]: | Okay.  So then if you don't know his reputation, you can't testify whether – |

At this point, the trial court interrupted Garcia's counsel, and the following exchange occurred at the bench:

| [Court]: | I gave you some leeway.  He answered your question and he said no.  So that's it for him. |
| [Defense counsel]: | I don't think he understands, Judge. |
| [Court]: | I think he did.  You asked him twice.  So that's it for him.  Do you have somebody else? |
| [Defense counsel]: | Let me ask him a couple of more questions about – |
| [Court]: | He's already – |

3

| [Prosecutor]: | He says he doesn't know. |
| --- | --- |
| [Court]: | Excuse me, please. |
| [Prosecutor]: | Sorry. |
| [Court]: | He already answered the question. He said no, I don't know his reputation, period. And you asked him twice. So do you have somebody else you want to put on? |
| [Defense counsel]: | I do, Your Honor, but I want to make sure they don't make the same mistake he made. And I need to talk to that witness if that's the case. |
| [Court]: | No. I'm going to let – we're in trial. If you have a witness, you put him on. If you don't have a witness, you don't put him on. |
| [Defense counsel]: | I don't have anyone, Judge. |
| [Court]: | That's it? |
| [Defense counsel]: | That's it. |

Garcia then rested his case.

The jury was charged on the indicted offense of murder and also on the lesser-included offenses of aggravated assault, manslaughter, and criminally negligent homicide. The jury charge included an instruction on self-defense. The jury returned a guilty verdict on manslaughter alone. After further proceedings on punishment, the jury sentenced Garcia to ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice and assessed a $10,000 fine.

Garcia filed a motion for new trial, arguing, in relevant part, that the trial court prevented the jury from hearing evidence relevant to his self-defense theory when the court excluded the testimony of Munoz and Margarita Herrero, the deceased's ex-wife, at the

4

guilt-innocence phase of the trial.[2]  Garcia then filed an amended motion for new trial, to which he attached the affidavits of Munoz and Herrero.  The affidavits contained summaries of the proffered testimonies regarding the deceased's alleged past acts of violence and aggression against them and his reputation for violence and aggression in the community.  After hearing the motion and purporting to "admit" the two affidavits as evidence, the trial court denied Garcia's motion.

## II. DISCUSSION

By one issue, Garcia complains that his constitutional rights were violated when the trial court denied him "a fair opportunity to present testimony relevant to his defense of self defense," which Garcia argues would have shown perceived danger and that the deceased was the first aggressor.  *See Ray v. State*, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005); *Potier v. State*, 68 S.W.3d 657, 659 (Tex. Crim. App. 2002) (en banc); *see also* U.S. CONST. amend. VI.  Garcia's complaint focuses on the exchange between his defense counsel and the trial court following Munoz's testimony at the guilt-innocence phase of the trial; specifically, he argues in his brief as follows:

> Defense counsel tried to first offer the testimony of each of the defense witnesses . . . .  Mr. Munoz took the stand, but apparently did not understand the nature of the questions put to him and gave an unexpected response.  Defense counsel attempted to question Munoz further but the court would no[t] permit it.  Defense counsel then requested time to confer with the second witness before she testified to make sure she understood the nature of the questions that she would be asked.  The trial court denied defense counsel this request.  Defense counsel decided not to call the

---

[2]Margarita Herrero was never called as a witness at the guilt-innocence phase of the trial.

witness and rested.[3]

Garcia then argues that the excluded evidence "would have assisted the jury in determin[ing] exactly what [Garcia] was confronted with", and "[h]ad the jury had the testimony of [Munoz and Herrero,] the verdict may have been different."

The exclusion of a defendant's evidence can amount to a violation of the right to compel the attendance of witnesses in the defendant's favor, but not every erroneous exclusion of a defendant's evidence amounts to a constitutional violation. *Potier v. State*, 68 S.W.3d 657, 659 (Tex. Crim. App. 2002) (en banc); *see* U.S. CONST. amend. VI.

---

[3]A portion of the evidence about which Garcia complains on appeal—testimony by Munoz and Herrero regarding the deceased's prior violent acts—was not introduced at the guilt-innocence phase of his trial. It is clear from the record that Garcia only intended to introduce and did attempt to introduce evidence of the deceased's alleged reputation in the community for violence and aggression. Thus, even though the substance of the proposed testimony regarding specific violent acts appears in the record before us through the affidavits of Munoz and Herrero attached to Garcia's motion for new trial, we are faced with a procedural hurdle in that the evidence was never offered at trial. *See* TEX. R. EVID. 103(b) (providing that an offer of proof shall be made "as soon as practicable, but before the court's charge is read to the jury . . . ."). Garcia does not acknowledge or address this circumstance in his brief to the Court. Because Garcia did not introduce the testimony of Munoz and Herrero regarding alleged specific prior acts of aggression and violence, the trial court did not have the opportunity to rule on the admissibility of that testimony. *See* TEX. R. APP. P. 33.1(a); *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (holding that preservation of error requires objection and ruling on that objection); *Hill v. State*, 902 S.W.2d 57, 60 (Tex. App.–Houston [1st Dist.] 1995, pet. ref'd) (holding that the trial court's adverse ruling must explicitly appear in the record, and absent any notation as to the trial court's decision, error is waived). And absent a ruling by the trial court on this portion of the evidence about which Garcia now complains, this Court is left with no cognizable complaint regarding testimony of the deceased's specific prior violent acts on which to pass judgment. *See* TEX. R. APP. P. 33.1(a). Garcia has therefore waived this portion of his argument, and we overrule his issue to the extent it complains of evidence regarding the deceased's prior violent acts.

In his brief, Garcia also points to actions by the trial court during the punishment phase of the trial, but those actions are irrelevant for purposes of this appeal as Garcia's challenge relates only to his self-defense theory at the guilt-innocence phase of his trial.

Finally, to the extent that Garcia complains of the exclusion of testimony by Herrero regarding the reputation of the deceased, he has waived that complaint. Herrero was never called as a witness at the guilt-innocence phase of the trial, and the trial court thus had no opportunity to rule on the admissibility of her testimony. *See* TEX. R. APP. P. 33.1(a); *see also Valle*, 109 S.W.3d at 509; *Hill*, 902 S.W.2d at 60.

6

There are two circumstances in which the improper exclusion of evidence may establish a constitutional violation: (1) when a state evidentiary rule categorically and arbitrarily prohibits the defendant from offering relevant evidence that is vital to his defense; or (2) when a trial court erroneously excludes relevant evidence that is a vital portion of the case and the exclusion effectively precludes the defendant from presenting a defense.

*Ray v. State*, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005) (citing *Potier*, 68 S.W.3d at 659-62; *Wiley v. State*, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002)). If the error is found to be of constitutional proportions, we "must reverse [the] judgment of conviction or punishment unless [we] determine[] beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a).

Here, Garcia does not claim that an evidentiary rule categorically and arbitrarily prohibited him from offering evidence. We will therefore determine: first, whether the trial court impermissibly circumscribed Munoz's testimony; and if so, whether the excluded evidence was so vital a part of Garcia's case that it effectively precluded him from presenting his defense. The initial question in this case, then, is whether the trial court's limitation of Munoz's testimony amounted to an erroneous exclusion of admissible reputational evidence. We believe that it did not.[4]

"A defendant in a homicide prosecution who raises the issue of self-defense may introduce evidence of the deceased's violent character." *Torres v. State*, 71 S.W.3d 758,

---

[4]The State contends, in part, that Garcia failed to preserve error regarding the exclusion of Munoz's testimony because he failed to make a timely offer of proof containing the substance of that testimony. *See* TEX. R. EVID. 103(a)(2). We disagree. Before Munoz took the stand, counsel for Garcia stated that his first-aggressor witnesses would testify as to "certain character traits" of the deceased, including "being an aggressive person, being a bully, being unpeaceful." Based on these representations, we believe the substance of Munoz's testimony was made known to the trial court, and the complaint was therefore preserved. *See id.*; TEX. R. APP. P. 33.1(a).

7

760 (Tex. Crim. App. 2002) (citing Tex. R. Evid. 404(a)(2); *Tate v. State*, 981 S.W.2d 189, 192-93 (Tex. Crim. App. 1998) (en banc); *Thompson v. State*, 659 S.W.2d 649, 653 (Tex. Crim. App. 1983)).  This evidence may be introduced in the form of opinion or reputation testimony to prove the deceased acted in conformity with his violent nature.  Tex. R. Evid. 405(a).

However, for such reputational evidence to be admissible, the proponent must first lay the proper foundation for the qualification of the witness who will testify about the reputation of the deceased.  *See Mowbray v. State*, 788 S.W.2d 658, 668 (Tex. App.–Corpus Christi 1990, pet. ref'd) (upholding exclusion of reputation testimony based on no proper predicate); *see also Peck v. State*, 923 S.W.2d 839, 842-43 (Tex. App.–Tyler 1996, no pet.).  "To be an appropriate reputation witness, the witness must have a substantial familiarity with the reputation of the person about whom the witness is supposed to testify."  *Garza v. State*, 18 S.W.3d 813, 824 (Tex. App.–Fort Worth 2000, pet. ref'd) (citing *Lopez v. State*, 860 S.W.2d 938, 944-45 (Tex. App.–San Antonio 1993, no pet.)); *see Mowbray*, 788 S.W.2d at 668 (stating same principle under predecessor to current rule 405); *see also* Tex. R. Evid. 405(a) (providing that "to be qualified to testify at the guilt stage of a [criminal] trial concerning the character or character trait of an accused, a witness must have been familiar with the reputation . . . prior to the day of the offense").

We will not disturb a trial court's decision to exclude the proposed reputational testimony unless an abuse of discretion is shown.  *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g); *Ferrell v. State*, 968 S.W.2d 471, 474 (Tex.

App.–Fort Worth 1998, pet. ref'd) (citation omitted); *see also Chavez v. State*, No. 13-01-00407-CR, 2002 WL 31084422, at *2 (Tex. App.–Corpus Christi Sept. 19, 2002, pet. ref'd) (not designated for publication). That standard requires us to uphold a trial court's admissibility decision when that decision is within "the zone of reasonable disagreement." *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).

The attempted predicate in this case consisted of the previously described exchange between Munoz and Garcia's defense counsel. The trial court then halted the questioning. When counsel for Garcia protested, the trial court stated, "[Munoz] already answered the question. He said no, I don't know [the deceased's] reputation, period. And you asked him twice."

Although it is possible that Munoz could have been confused by the phrasing of defense counsel's question, under our deferential standard of review, we assume the trial court was operating from the "best vantage" to interpret the situation. *See Montgomery*, 810 S.W.2d at 391; *see also* TEX. R. EVID. 104(a) (providing that preliminary questions regarding the qualifications of witnesses "shall be determined by the [trial] court"); *McVickers v. State*, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993), *overruled on other grounds*, *Granados v. State*, 85 S.W.3d 217 (Tex. Crim. App. 2002) ("The rules of evidence afford the court broad discretion in the determination" of preliminary questions of admissibility.). This is a case that falls within that "reasonable zone of disagreement," a case in which we must defer to the trial court's reliance on "its own observations and experiences" because the complained-of exchange involves reactions and details that

9

cannot be appropriately ascertained through a cold appellate record. *See Powell*, 63 S.W.3d at 438; *Montgomery*, 810 S.W.2d at 391. Thus, based on our review of the cold record on appeal, we conclude that Garcia failed to lay the proper predicate that Munoz was substantially familiar with the deceased's reputation for aggression and violence, and we therefore cannot say that the trial court abused its discretion in refusing to permit further questioning of Munoz. *See Garza*, 18 S.W.3d at 824; *Mowbray*, 788 S.W.2d at 668; *see also* TEX. R. EVID. 405(b). Because the trial court did not err in excluding Munoz's testimony, it did not violate Garcia's constitutional right to compel favorable witnesses.[5] *See Ray*, 178 S.W.3d at 835; *see also* U.S. CONST. amend. VI. Garcia's sole issue is overruled.

## III. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 4th
day of November, 2010.

---

[5]And because there was no evidentiary error, we need not address whether Garcia was harmed. *See* TEX. R. APP. P. 47.1; *Ray v. State*, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005) (citing *Potier*, 68 S.W.3d at 659-62; *Wiley v. State*, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002)).