**Hijinio TREVINO, Appellant**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–06–00265–CR, 14–06–00266–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 15, 2007.

Kenneth Eugene McCoy, Houston, for appellants.

Eric Kugler, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices FOWLER and EDELMAN.

## OPINION

ADELE HEDGES, Justice.

Appellant pled guilty to two charges of burglary of a habitation and the trial court sentenced him to ten years' probation on each case. The trial court subsequently granted the State's motion to revoke probation in both cases and sentenced appellant to eight years' confinement on both charges, the sentences to run consecutively. We affirm.

### BACKGROUND

The State's motion to revoke probation alleged that appellant violated the terms of his probation by failing to satisfy several administrative conditions of probation and by committing another offense against the State of Texas. After hearing the testimony of the investigating officers, the complainants in the second offense, and the community supervision officer, the trial court found that appellant committed another offense against the State of Texas and revoked appellant's probation.

In six points of error, appellant contends (1) the trial court erred in admitting evidence over hearsay and confrontation clause objections, (2) the evidence is not sufficient to support the finding that appellant committed another offense, and (3) the trial court abused its discretion in ordering appellant to serve his sentences consecutively.

Three college students, Tim Sims, Michael Hoetzlein, and Michael Nestico, were vacationing in South Padre Island when they were robbed at gunpoint by appellant and two co-defendants. The complainants were walking from a restaurant on the island to their condominium when a Cadillac with Ohio license plates stopped approximately three feet in front of them. Tim Sims testified that appellant stepped out of the back seat of the car and told the complainants to stop and give him their wallets. When Sims heard this he turned around and saw appellant holding a gun to Hoetzlein's head. Hoetzlein gave appellant the beer he was carrying, but did not give him his wallet. Appellant then turned the gun on Sims and asked for his wallet and the beer he was carrying. Sims's wallet was in the bag with the beer, so he gave his wallet and beer to appellant. Appellant then turned the gun on Nestico and took his beer. All three complainants identified appellant as the gunman and said they saw two other people in the car. Sims identified his stolen credit cards, which were found in the car. The State moved to revoke appellant's probation based on this alleged aggravated robbery.

### EVIDENTIARY ISSUES

In his first two points of error, appellant contends that the trial court erred in permitting Detective Jaime Rodriguez to testify about what appellant's co-defendant said in his statement following the aggravated robbery of the complainants. Appellant objected at trial that he was deprived of his Sixth Amendment right to confront the witnesses against him. Appellant further contends the testimony was inadmissible hearsay.

Jaime Rodriguez, a detective with the South Padre Island Police Department, testified as follows:

Q. Did you interview the co-defendant, Aaron (sic) Gonzalez?

A. Yes, I did.

Q. Did he give you a statement?

A. Yes, ma'am.

Q. Did he say anything that was inconsistent with this defendant's guilt?

[Defense counsel]: Objection, Your Honor, to what some other person said. That's hearsay. He's a co-defendant, it's not prudent in that line of the case, not admissible. I object to this witness testifying what some other person told him.

[Prosecutor]: We'd argue it was a statement of a party to the offense.

THE COURT: It's overruled. I'll allow it.

[Defense counsel]: May—I'm sorry, may I have a running objection to any—

THE COURT: Certainly.

[Defense counsel]: Under Bruton, I want to get on the record, it violates my right to confront, cross-examination. It's hearsay.

### Confrontation Clause

In his first point of error, appellant argues that Officer Rodriguez' testimony violated his rights under the Sixth Amendment's Confrontation Clause as enunciated in *Bruton v. United States*, 391 U.S. 123, 135–37, 88 S.Ct. 1620, 1627–28, 20 L.Ed.2d 476 (1968). In *Bruton*, the Supreme Court found that the admission of such evidence would violate the defendant's Sixth Amendment right to confrontation because the co-defendant could not be cross-examined regarding the statement. 391 U.S. at 136, 88 S.Ct. at 1628. In *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Court broadened the holding in *Bruton*, finding that the admission of testimonial hearsay violated the Confrontation Clause unless the declarant was shown to be unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant.

The State first asserts that appellant waived his objection by introducing Gonzalez' statement during the cross-examination of Rodriguez. During cross-examination, appellant introduced Gonzalez' statement into evidence. When the court replied that the statement had already been admitted, appellant responded "I offer Defense 1 to meet, rebut, explain the defendant's testimony that came in over objection as to what Mr. Gonzalez told him." If a defendant introduces evidence to refute, deny, contradict, or impeach evidence properly objected to, no waiver of the objection occurs. *Maynard v. State*, 685 S.W.2d 60, 65–66 (Tex.Crim.App.1985). The State contends that because appellant did not attempt to limit the admission of the statement until after it was admitted, appellant waived error. In determining whether a complaint has been preserved for appeal, the ultimate consideration is whether the party has clearly made the trial court aware of what he wants and why he is entitled to it at a time when the trial court is in a position to do something about it. *Keeter v. State*, 175 S.W.3d 756, 760 (Tex.Crim.App.2005). Although appellant did not state the purpose for which he offered the evidence until after he offered it, he timely objected to the statement when it was first introduced and the trial court was aware of the nature of appellant's objection. Therefore, appellant preserved error for review.

The State further responds by asserting that because a revocation hearing is not a criminal prosecution, neither *Bruton*, nor *Crawford* applies to this case. Whether the Confrontation Clause applies to probation revocation proceedings is an issue of first impression in this court, but has been addressed by other courts of appeals in Texas. Both the Beaumont

Court of Appeals and the San Antonio Court of Appeals have found that the Sixth Amendment right to confrontation does not apply to revocation proceedings. *See Diaz v. State,* 172 S.W.3d 668, 672 (Tex. App.-San Antonio 2005, no pet.); *Smart v. State,* 153 S.W.3d 118, 120 (Tex.App.-Beaumont 2004, pet. ref'd).

Most federal appellate courts have held that the Sixth Amendment does not apply to hearings in which the government seeks revocation of supervised release (the federal equivalent of probation and parole). *See e.g., Ash v. Reilly,* 431 F.3d 826, 830 (D.C.Cir.2005); *United States v. Rondeau,* 430 F.3d 44, 47–48 (1st Cir.2005); *United States v. Hall,* 419 F.3d 980, 985–86 (9th Cir.2005); *United States v. Kirby,* 418 F.3d 621, 627–28 (6th Cir.2005); *United States v. Aspinall,* 389 F.3d 332, 342–43 (2d Cir.2004); *United States v. Martin,* 382 F.3d 840, 844 n. 4 (8th Cir.2004); *but see U.S. v. Jarvis,* 94 Fed.Appx. 501, 502 (9th Cir.2004) (not designated for publication) ("Due process mandates that at revocation proceedings, the releasee must be afforded the right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing confrontation.").

This court has consistently held in light of the Confrontation Clause's focus on criminal prosecutions, that the clause does not apply to post-conviction proceedings. *See Walker v. State,* 14–03–01057–CR, 2004 WL 503331 (Tex.App.-Houston [14th Dist.] March 16, 2004, pet. ref'd) (not designated for publication); *Nunez v. State,* No. 14–02–00685–CR, 2003 WL 21354257 (Tex.App.-Houston [14th Dist.] June 12, 2003, pet. ref'd) (not designated for publication); *Calvin v. State,* No. 14–02–01204–CR, 2003 WL 22303837 (Tex.App.-Houston

[14th Dist.] October 9, 2003, pet. ref'd) (not designated for publication); *Thompson v. State,* 123 S.W.3d 781, 783–84 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd). Nothing in the Supreme Court's opinion in *Crawford* indicates an intent to extend the Confrontation Clause beyond the purview of the criminal prosecution. *See U.S. v. Rondeau,* 430 F.3d at 47. We therefore join our sister courts of appeals and the majority of the federal courts of appeals in concluding that a probation revocation hearing is not a criminal prosecution, and therefore, the protections of the Confrontation Clause do not apply. Appellant's first point of error is overruled.

### Hearsay

■■ In his second point of error, appellant argues his co-defendant's statement was inadmissible hearsay. Gonzalez' statement is hearsay because it is an out-of-court assertion offered to prove the truth of the matter asserted. *See* Tex.R. Evid. 801(d). The State argued at the hearing that Gonzalez' statement is a statement against penal interest,[1] which is an exception to the hearsay rule. *See* Tex.R. Evid. 803(24). Whether an out-of-court statement is admissible under an exception to the general hearsay exclusion rule is a matter within the trial court's discretion. *Zuliani v. State,* 97 S.W.3d 589, 595 (Tex.Crim.App.2003). Our role is limited to determining whether the record supports the trial court's ruling. *See Coffin v. State,* 885 S.W.2d 140, 149 (Tex. Crim.App.1994).

■ A statement against penal interest includes a statement which, at the time of its making, so far tended to subject the declarant to criminal liability that a reasonable person in the declarant's position

---

1. At the hearing when appellant objected on hearsay grounds, the prosecutor responded, "We'd argue it was a statement of a party to the offense." We interpret this argument to refer to the hearsay exception of a statement against penal interest.

would not have made the statement unless he believed it to be true. TEX.R. EVID. 803(24). An admission against a co-defendant declarant's penal interest may be admissible against the defendant so long as it is sufficiently against the declarant's interest to be reliable and is sufficiently corroborated by other evidence. *Dewberry v. State*, 4 S.W.3d 735, 751–52 (Tex.Crim. App.1999). A co-defendant's confession is presumptively unreliable as to those portions that detail a co-defendant's conduct or culpability because those portions may be the result of the co-defendant's desire to shift the blame, curry favor, avenge himself, or divert attention to another. *Lee v. Illinois*, 476 U.S. 530, 545, 106 S.Ct. 2056, 2064, 90 L.Ed.2d 514 (1986).

In his statement, Gonzalez implicated appellant: he stated that appellant was the one who opened the car door and pointed the gun at the complainants. Gonzalez' statement does not tend to inculpate himself, but rather is an attempt to shift the blame to appellant. Accordingly, Gonzalez' statement does not fall under the admission against interest exception to the hearsay rule. *See Zarychta v. State,* 961 S.W.2d 455, 458 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). Therefore, the trial court erred in admitting such testimony.

■■■■ In determining whether the trial court's error is reversible, we apply the harm analysis for non-constitutional error. *See Potier v. State*, 68 S.W.3d 657, 666 (Tex.Crim.App.2002); TEX.R.APP. P. 44.2(b). Error is harmless if, after examining the record as a whole, we are reasonably assured the error either did not influence the trial court's decision or had only a slight effect. *Garcia v. State*, 126 S.W.3d 921, 927 (Tex.Crim.App.2004). The improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial. *Brooks v. State*, 990

S.W.2d 278, 287 (Tex.Crim.App.1999). In this case, all three complainants identified appellant as the man who exited the car and pointed the gun at them. Therefore, any error committed by the trial court in admitting Gonzalez' statement was harmless. *See* TEX.R.APP. P. 44.2(b). Appellant's second point of error is overruled.

### SUFFICIENCY OF THE EVIDENCE

■■■■ In his third through fifth points of error, appellant argues that the trial court erred in finding that he committed the offense of aggravated robbery because the evidence was not sufficient to establish his guilt by a preponderance of the evidence. In a probation revocation proceeding, the State bears the burden to establish the alleged violations of the trial court's order by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App.1993). In determining whether the allegations in the revocation motion are true, the trial court is the sole trier of facts, the judge of the credibility of the witnesses, and the arbiter of the weight to be given to the testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim.App.1980); *Akbar v. State*, 190 S.W.3d 119, 123 (Tex.App.-Houston [1st Dist.] 2005, no pet.). Proof of a single violation is sufficient to support revocation of probation. *Greer v. State*, 999 S.W.2d 484, 486 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd).

Appellant was charged with the aggravated robbery of the three complainants, Sims, Hoetzlein, and Nestico. A person commits the offense of aggravated robbery if, in the course of committing theft and with intent to obtain or maintain control of property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death and uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. §§ 29.02 & 29.03. Here, the

evidence shows that appellant and two others stopped their vehicle within five feet of the complainants while the complainants were walking along the side of the road. Appellant stepped out of the vehicle, pointed a gun at the complainants and demanded their wallets and beer. Sims's wallet and the other complainants' beer and food were found in the vehicle less than ten minutes after the robbery. As the sole judge of the credibility of the witnesses, the trial court could have found by a preponderance of the evidence that appellant violated the terms of his probation. Appellant's third through fifth points of error are overruled.

## CONSECUTIVE SENTENCES

■ In his sixth point of error, appellant argues that the trial court erred in ordering the sentences in both convictions to run consecutively where the indictments alleged offenses committed during the same criminal episode and appellant was prosecuted in the same criminal action. If the original offenses that led to community supervision were part of the same criminal episode and convictions were obtained as part of the same criminal action, then any sentences imposed must run concurrently. *Duran v. State,* 844 S.W.2d 745, 747 (Tex. Crim.App.1992); TEX. PENAL CODE ANN. § 3.03. "Criminal episode," as defined in chapter 3.01 of the Texas Penal Code, means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, when the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or that constitute a common scheme or plan or the offenses are the repeated commission of the same or similar offenses. *See* TEX. PEN.CODE ANN. § 3.01. Accordingly, a trial court improperly stacks sentences when the offenses arise out of the same criminal episode and the proceeding is a single criminal action. TEX. PENAL CODE ANN. § 3.03.

■ Appellant was originally charged in two separate indictments with the offense of burglary of a habitation. In cause number 1006221, appellant pled guilty to a burglary committed on November 3, 2004 against Mike Nance. In cause number 1006222, appellant pled guilty to a burglary committed on November 3, 2004 against Cynthia Mendez. Separate plea papers were filed and separate judgments were entered. Because appellant waived a court reporter at the plea hearing, the record does not reflect whether the burglaries were prosecuted in a single action. Appellant contends that the revocation motions were heard in the same hearing, which constituted a single punishment hearing, implicating the application of section 3.03. To be entitled to concurrent sentences, however, appellant must establish that the offenses were consolidated at the time of his pleas as well as at the hearing on the revocation motions. *See Medina v. State,* 7 S.W.3d 876, 879 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Because appellant failed to establish that the offenses arose out of the same criminal episode and that he was prosecuted in a single criminal action, the sentences were properly cumulated. *See Duran,* 844 S.W.2d at 747 (Baird, J. concurring). Appellant's sixth point of error is overruled.

The judgment of the trial court is affirmed.