Opinion issued November 15, 2007 






 













In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-01087-CR
__________
 
DAVID LEE LYNN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1038041
 

 
 
MEMORANDUM OPINION
          A jury found appellant, David Lee Lynn, guilty of the offense of aggravated
robbery


 and assessed his punishment at confinement for 80 years. In his sole point
of error, appellant contends that “the trial court erred in holding that [his] statements
made to the police upon his arrest did not qualify as [] statement[s] against penal
interest.”


 
          We affirm. Factual Background
          Susan Carr, the complainant, testified that, on August 19, 2005, she and her
husband went to visit her father at his business. While inside her father’s business,
she heard a horn honk. The complainant, her husband, and her father opened the door
of the business and saw appellant sitting in the driver’s seat of the complainant’s van. 
When appellant exited the van and ran toward an accomplice, the complainant, her
husband, and her father pursued appellant. The accomplice turned toward the family,
pointed a gun at them, and threatened to shoot. Appellant then took the gun from the
accomplice and started shooting, striking the complainant in the arm.  
          The complainant’s husband similarly testified that the accomplice initially
pointed the gun at them, but then appellant grabbed the gun from the accomplice and
“immediately fired two rounds.” Finally, the complainant’s father also testified that
although the accomplice initially pointed the gun at the family, it was appellant who
grabbed the gun from the accomplice and actually started firing.
          Houston Police Officer D. Thomas testified that he and a number of other
officers surrounded a house where appellant and an accomplice were believed to be
hiding. Ultimately, appellant and the accomplice, Chris Nelms, came out from the
house. Officers located the gun used in the shooting on the side of the house closer
to where appellant had exited. Statement Against Interest
          In his sole point of error, appellant contends that “the trial court erred in
holding that [his] statements made to the police upon his arrest did not qualify as []
statement[s] against penal interest.” Appellant asserts that he should have been able
to introduce the testimony of Officer Thomas, to whom he made the alleged out-of-court statements, in order to rebut the complainant’s testimony.
          At trial, appellant asked Officer Thomas what appellant had said at the scene
“about who fired that gun.” The State objected to this testimony as hearsay. Outside
the presence of the jury, after appellant argued that he sought to elicit, from Officer
Thomas, testimony regarding the statements he made that were against his interest
and excepted from the hearsay rule, the trial court sustained the State’s objection. In
his bill of proof, appellant offered a portion of the State’s offense report, reciting
appellant’s “oral statement to the police at the scene.” Officer Thomas reported, in
pertinent part,
          [Suspect Lynn] said that he was with his friends Matthew and
Chris and he was trying to steal a van when some people came outside. 
Suspect Lynn stated that he took off running with his friend, Chris, and
he heard a gunshot. Suspect Lynn stated that Matthew drove off and left
them there. Suspect Lynn stated that Chris had the gun and he took it
from him and threw it in a ditch before crawling under a house to hide.
. . . Officer asked specifically where gun was and suspect Lynn stated
“right there” indicating the ditch on the corner. . . . Officers looked in
and around the ditch and [were] unable to locate the pistol. Officer
again asked for Suspect Lynn to tell officers where the pistol was . . . .
After a few minutes, Suspect Lynn told officers that the gun was under
the house where they were hiding.
 
          In support of his contention that his statements qualified as statements against
interest, appellant argues that the statements subjected him to criminal liability and
that these statements should be admitted because corroborating evidence gave the
statements a degree of trustworthiness. Appellant asserts that his statements were
“very similar to the testimony given by the other witnesses, but for the fact that he
was not the shooter of the firearm.”
          A statement against interest is one “which was at the time of its making so far
contrary to the declarant’s pecuniary or proprietary interest, or so far tended to subject
the declarant to civil or criminal liability, or to render invalid a claim by the declarant
against another, or to make the declarant an object of hatred, ridicule, or disgrace, that
a reasonable person in declarant’s position would not have made the statement unless
believing it to be true.” Tex. R. Evid. 803(24). “In criminal cases, a statement
tending to expose the declarant to criminal liability is not admissible unless
corroborating circumstances clearly indicate the trustworthiness of the statement.” 
Id. Whether a statement is admissible under an exception to the general hearsay
exclusion rule is a matter within the trial court’s discretion. Zuliani v. State, 97
S.W.3d 589, 595 (Tex. Crim. App. 2003); Trevino v. State, 218 S.W.3d 234, 239
(Tex. App.—Houston [14th Dist.] 2007, no pet.).
          The hearsay exception permitting the admission of a statement against interest
does not apply to testimony that tends to absolve a defendant of criminal
responsibility. Wood v. State, 18 S.W.3d 642, 651 (Tex. Crim. App. 2000) (noting
that “self-serving nature of appellant’s statement . . . outweigh[ed] the minor
inculpatory significance of the statement”). A confession is presumptively unreliable
“as to those portions that detail a co-defendant’s conduct or culpability because those
portions may be the result of the co-defendant’s desire to shift the blame, curry favor,
avenge himself, or divert attention to another.” Zarychta v. State, 961 S.W.2d 455,
458 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d) (citing Lee v. Illinois, 476 U.S.
530, 545, 106 S. Ct. 2056, 2064 (1986)); Trevino, 218 S.W.3d at 240.
          In his statements to Officer Thomas, appellant attempted to shift the blame
from himself to his accomplice by stating that it was Nelms who, in fact, had fired the
gun at the complainant and her family. Thus, appellant’s statements do not tend to
inculpate himself, but rather are an attempt to shift the blame for the shooting to
Nelms. See id. Accordingly, appellant’s statements do not fall under the admission
against interest exception to the hearsay rule. See Tex. R. Evid. 803(24); Zarychta,
961 S.W.2d at 458. We hold that the trial court did not abuse its discretion in
excluding from evidence appellant’s statements to Officer Thomas.



          We overrule appellant’s sole point of error.


   
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. See Tex. R. App. P. 47.2(b).