**Affirmed and Opinion filed December 8, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-10-01025-CR
_____

### KENNETH LEE WILLIAMS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 07CR3219**

## OPINION

Appellant Kenneth Lee Williams pleaded guilty to the offense of aggravated assault with a deadly weapon in exchange for eight years' deferred adjudication probation. Subsequently, the State filed a motion to adjudicate, which the trial court granted. Appellant was sentenced to four years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In two issues, appellant challenges (1) the voluntariness of his original plea, and (2) the trial court's consideration of documents not admitted into evidence. We affirm.

## Background

The court held an evidentiary hearing on the State's motion to adjudicate guilt. At the hearing, appellant admitted he was the same person who was placed on probation for aggravated assault. As conditions of his probation, appellant was required to, among other things, (1) report in person to the supervision officer at least once each month, (2) pay a probation fee, (3) pay reimbursement to Galveston County for compensation of appointed counsel, (4) participate in community service work, (5) make an appointment for an alcohol abuse assessment evaluation, and a drug abuse assessment, and (6) make an appointment for a battering intervention and prevention program for family and/or domestic violence.

At the hearing, William Dickey, a Galveston County Adult Probation Officer, testified that appellant had not reported to the Galveston County Supervision Correction Department for the months of January, March, April, June, August, and September of 2009. He further testified that appellant was $280 in arrears on payment of supervision fees, and for his court-appointed attorney. Dickey further testified that appellant has performed no community service work, nor provided proof of registration for alcohol or drug abuse assessment or battering intervention and prevention.

Appellant testified that he had never missed a report date, and thought he was current on payment of fees. Appellant admitted he had not done any of his community service due to several hardships he had suffered. He further admitted he was unable to sign up for the battering intervention and prevention program, but would do so if allowed to stay on probation. At the conclusion of the hearing, the court found that appellant violated the conditions that he (1) report in person to the supervision office at least once each month, (2) perform 160 hours of community service at a rate of no less than 16 hours per month, and (3) make an appointment within 30 days for alcohol abuse and drug abuse assessment evaluation. The court adjudicated appellant's guilt and sentenced him to four years in prison.

**Analysis**

In two issues appellant contends the trial court erred (1) in adjudicating his guilt because his original plea was not freely and voluntarily made, and (2) by informally re-opening evidence at the adjudication hearing, and improperly considering documents not admitted into evidence.

**Original Plea**

In his first issue, appellant contends the trial court erred in overruling his motion for new trial because the plea on which the deferred adjudication was based was not freely and voluntarily given.

Under Texas law, a judge may defer the adjudication of guilt of a particular defendant and place him on probation if he pleads guilty or no contest. Tex. Code Crim. Proc. art. 42.12, § 5(a). If a defendant wishes to raise issues related to his plea or deferred adjudication, he must do so on direct appeal from the deferred-adjudication order immediately after it is imposed; he may not wait until after he violates the terms of his probation and is found guilty. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *Hanson v. State*, 11 S.W.3d 285, 288 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Because appellant did not raise the issue of the voluntariness of his plea when the deferred-adjudication order was initially imposed, he may not complain of it now after his probation has been revoked. Appellant's first issue is overruled.

**Consideration of Documents Not Admitted into Evidence**

In his second issue, appellant contends the trial court erred by considering evidence of his reports to probation officers without those reports having been admitted into evidence. At the conclusion of the adjudication hearing, a dispute arose as to whether appellant had reported to his probation officer for certain months. The probation officer testified that appellant did not report, and appellant challenged that testimony by stating that he did report to a probation officer in another county after his probation was

3

transferred to that county. In trying to resolve the conflict, the following exchange took place:

> MS. CUCHENS [the prosecutor]: Judge, looking at the allegations and responding to the defense's arguments, there's been testimony that the defendant did not show up for the dates that we have alleged — probation told — there's been testimony that probation went and checked the paperwork. This is not a matter of paperwork.
>
> THE COURT: Does the State have a copy of the paperwork?
>
> MS. CUCHENS: Do you want these?
>
> THE COURT: I've said for years that the State should also give me that if that's what they're alleging. That's why I told the probation department to keep those.
>
> MS. CUCHENS: Your Honor, the logs have been checked over there and the probation officer told you on the stand that the testimony was that he has checked the records.
>
> THE COURT: You just didn't submit them as evidence.
>
> MS. CUCHENS: No, your Honor.
>
> THE COURT: Let me see them.
>
> Go ahead.

Appellant alleges in his brief that between the time the trial court said, "Let me see them," and "Go ahead," the court reviewed the probation department's logs despite the fact they had not been admitted into evidence. Appellant argues the documents were "central to the issues before the court and were apparently not made a part of the record."

We review a trial court's order revoking probation under an abuse of discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a probation revocation proceeding, the State has the burden of proving a violation of the terms of probation by a preponderance of the evidence. *Id.* at 763–64. The State meets its burden when the greater weight of the credible evidence creates a reasonable belief that

the defendant violated a condition of probation as alleged. *Id.* at 764. In a hearing on a motion to revoke probation, the trial court is the sole trier of fact, and is also the judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.). One single violation of the terms of probation is sufficient to support a trial court's order revoking probation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

It is difficult to determine from the record whether the trial court reviewed the probation logs that were not admitted into evidence. The record is clear, however, that appellant did not object to the trial court's consideration of the logs. Even if the court had reviewed the logs, and appellant had timely objected to the court's review of documents not in evidence, any error was harmless. Error is harmless if, after examining the record as a whole, we are reasonably assured the error either did not influence the trial court's decision or had only a slight effect. *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004); Tex. R. App. P. 44.2(b). Consideration of the probation logs goes only to show that appellant did not report to his probation officer. Appellant did not challenge the findings that he did not comply with the requirements to perform community service and enroll in drug and alcohol assessment programs. Therefore, we can uphold the trial court's revocation of probation on those unchallenged grounds. *See, e.g., Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Appellant's second issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.
Do Not Publish — TEX. R. APP. P. 47.2(b).

5