# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**
## NO. 02-11-00206-CR
## NO. 02-11-00207-CR


JAVON ROMELL WESTON A/K/A                                    APPELLANT
JAVON OMELL WESTON

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## **MEMORANDUM OPINION**[1]

----------

In six points, Javon Romell Weston a/k/a Javon Omell Weston challenges

two judgments adjudicating him guilty of two robbery offenses.  We affirm.

## **Background**

Appellant pled guilty to two separate charges of robbery in March 2010

pursuant to a plea bargain.  In accordance with the plea bargain, the trial court

---

[1]*See* Tex. R. App. P. 47.4.

placed appellant on deferred adjudication community supervision for five years in each cause number. The State filed a petition to adjudicate in both causes in June 2010 and an amended petition to adjudicate in one of the causes in March 2011.

In trial court cause number 1183210D (appellate cause number 2-11-206-CR), the State alleged that appellant had violated the terms of his community supervision by (1) committing the new offense of unlawfully carrying a weapon, (2) failing to work at suitable employment since March 2010, (3) failing to timely notify his supervision officer of a change in address, (4) failing to complete the total number of hours of community service ordered by the trial court, (5) failing to attend anger control counseling as ordered by the trial court, (6) associating with persons of disreputable or harmful character, (7 & 8) failing to avoid places of disreputable or harmful character, and (9) possessing a firearm. The trial court adjudicated appellant guilty of robbery, finding paragraphs five through nine, and possibly one,[2] true.

In trial court cause number 1185082D (appellate cause number 2-11-207-CR), the State alleged that appellant had violated the terms of his community supervision by (1) committing the new offense of unlawfully carrying a weapon, (2) failing to work at suitable employment since March 2010, (3) failing to timely

---

[2]The trial court stated on the record, "[T]he Court hereby finds that you have violated your conditions with regard to paragraph one, number six. I'm sorry. Number five, number six, number seven, number eight and number nine."

2

notify his supervision officer of a change in address, and (4) failing to attend anger control counseling as ordered by the trial court. The trial court adjudicated appellant guilty of robbery, finding only paragraph one to be true.[3]

**Standard of Review and Applicable Law**

The decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2011). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Cherry*, 215 S.W.3d at 919. If the State fails to meet its burden of

---

[3]Because the trial court found the same allegation true in cause number 1183210D, the trial court may have misspoke in saying, "Number four had been found not true," confusing appellant's "not true" plea for its finding. However, the record does show that the trial court found the allegation in the first paragraph to be true.

proof, the trial court abuses its discretion in revoking the community supervision. *Cantu v. State*, 339 S.W.3d 688, 691–92 (Tex. App.—Fort Worth 2011, no pet.). Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).

Appellant contends in his first point that the evidence is insufficient to prove that he committed the new offense of unlawful carrying of a weapon. "A person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun . . . if the person is not . . . (1) on the person's own premises or premises under the person's control . . . or (2) inside of or directly en route to a motor vehicle . . . that is owned by the person or under the person's control." Tex. Penal Code Ann. § 46.02(a) (West Supp. 2011). According to appellant, the State did not prove by a preponderance of the evidence that he actually possessed a weapon.

### Applicable Facts and Analysis

Detective Clinton Weil of the Arlington Police Department testified that he was working surveillance at a place called Club G on June 19, 2010. Around 1:00 a.m., he saw some patrons gathered around an SUV about forty to fifty yards away from him. Detective Weil saw a person walk around the SUV to the passenger side and then come back to the group with his right hand near his waist band. The man said, "What now, what now, bitches, you want some of

4

this?" The man then "spun towards" Detective Weil who "could pick up the pretty distinct feature of a gun." He could see the outline of it. The man's companions then put him in the SUV and drove off. According to Detective Weil, the man was dressed in dark clothing and was "a shorter black male . . . [of] stocky build." The SUV was green and had the word "Suzuki" on the tire cover.

Detective Weil and his partner alerted the police to look for the SUV; police found it about a block later at a Shell station. Detective Weil looked in the SUV and identified the left rear seat passenger, whom he identified at trial as appellant. Although officers did not find a gun on appellant when they patted him down, they did find a gun underneath the SUV's front passenger seat. Detective Weil could not say the gun found in the SUV was the same gun he saw at Club G. He could not identify the T-shirt appellant was found wearing as the same T-shirt the man with the gun wore, nor could he identify appellant by face. Rather, he identified him by build and by the location in which he was found in the SUV.

Christopher James, who was in the car that night, testified that the gun under the front passenger's seat was appellant's and that appellant had asked him to put it under the seat. According to James, he was holding the gun at his house for a friend, and appellant took the gun that evening to go to Club G. James testified that the gun belonged to appellant, and no one else touched it that night.

James also testified that the SUV belonged to his friend Carl's parents and that Carl drove it.

5

Based on the foregoing, we conclude and hold that the evidence is sufficient to prove by a preponderance of the evidence that appellant intentionally or knowingly possessed a handgun on premises not under his control and not in a vehicle that he owned or was under his control. Thus, the trial court did not abuse its discretion by finding paragraph one of each petition to be true. We overrule appellant's first point.

Because it is unclear whether the trial court found paragraph one to be true in cause number 1183210D, we will also review the sufficiency of the evidence to support any other allegation the trial court found to be true in that cause number. The trial court found that appellant had possessed a firearm in violation of his community supervision conditions. Based on the foregoing, we conclude and hold that the trial court did not abuse its discretion by finding paragraph nine of the petition in cause number 1183210D to be true. We overrule appellant's sixth point.

Because proof of a single violation in each case is sufficient to support the trial court's decision to adjudicate, we need not address appellant's remaining points regarding the other alleged violations. *Moore*, 605 S.W.2d at 926; *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see* Tex. R. App. P. 47.1.

**Conclusion**

Having overruled appellant's dispositive points, we affirm the trial court's judgments.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 15, 2011