**Affirmed and Memorandum Opinion filed December 22, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00314-CR

---

**PEDRO CASTRO-MARQUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1239390**

---

## MEMORANDUM OPINION

Appellant Pedro Castro-Marquez pleaded guilty to possession with intent to deliver cocaine. The trial court sentenced him to eight years' deferred adjudication probation and a $1,000 fine. Fourteen months later, the State filed a motion to adjudicate appellant's guilt, which the court granted. After adjudicating appellant guilty the trial court sentenced him to 99 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In two issues appellant argues (1) the evidence was insufficient to show appellant committed another offense, and (2) the trial court abused

its discretion in denying appellant's motion to suppress evidence found in the vehicle in which appellant was a passenger. We affirm.

## Background

In 2009, appellant pleaded guilty to possession of cocaine with intent to deliver in exchange for eight years' deferred adjudication probation and a $1,000 fine. As conditions of his probation, appellant was ordered to, among other things:

- Commit no offense against the laws of this or any other State or the United States;

- Pay a fine of $1,000 and court costs at the rate of $25 per month.

- Submit to an alcohol and drug evaluation and provide verification of enrollment, attendance, and successful completion of a treatment program if recommended after evaluation.

Appellant was also prohibited from possessing a firearm.

The State subsequently filed a motion to adjudicate appellant's guilt alleging he violated the above conditions of probation. The trial court granted the State's motion, adjudicated appellant's guilt, and assessed punishment at 99 years in prison. Appellant challenges his adjudication on the grounds that the evidence is insufficient to show he committed another offense, namely, aggravated robbery, and the trial court abused its discretion in denying his motion to suppress evidence seized at the time of appellant's arrest.

At the hearing on the State's motion to adjudicate, the complainant in the aggravated robbery testified that a group of five or six men pushed their way into her home claiming to be police officers. Each of the men carried weapons. The men tied up the complainant and told her three children to sit down and be quiet. The complainant identified appellant as one of the men who came into her home; he was wearing a shirt with the word "police" on it at the time. The men threatened the complainant with a gun;

2

advised her that it was a "holdup"; and requested the keys to the pawn shop where she worked. Some of the men held the complainant's children and mother hostage while others went with the complainant to the pawn shop. At the pawn shop, the complainant convinced her father, the owner, to fill a bag with jewelry and money to give to the men. She gave the bag to the men who dropped her off near a gas station and drove away.

Approximately nine days later, a Houston police officer testified that he saw appellant step out of a Hummer vehicle, which had been reported stolen. He asked for identification and checked for outstanding warrants. Appellant had an outstanding misdemeanor arrest warrant on which the officer arrested him. Officers recovered two weapons and items believed to be from the pawn shop robbery in the search of the vehicle after appellant's arrest, including a black T-shirt with white lettering that said "police" on it. Following the police officers' testimony, appellant moved to suppress the evidence recovered in the vehicle. The trial court denied appellant's motion.

The court liaison officer of the probation department testified that appellant was $300 in arrears in his payments of court costs and fine. She further testified that appellant submitted to drug and alcohol evaluation and was ordered to participate in the Texas Drug Offender Education Program. He failed to submit proof that he enrolled in or attended the program. Appellant testified that he signed up for drug and alcohol treatment, but did not attend. He further testified that after being arrested on the aggravated robbery, he did not pay his probation fees.

At the conclusion of the hearing, the trial court found the first three allegations, i.e., another offense, non-payment of fees, and failure to attend drug counseling, to be true, and found the fourth allegation, that of carrying a weapon, not true. This appeal followed.

### Standard of Review

We review a trial court's order revoking probation under an abuse of discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a

probation revocation proceeding, the State has the burden of proving a violation of the conditions of probation by a preponderance of the evidence. *Id.* at 763–64. The State meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of probation as alleged. *Id.* at 764. In a hearing on a motion to revoke probation, the trial court is the sole trier of fact, and is also the judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.). One single violation of the terms of probation is sufficient to support a trial court's order revoking probation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

## Analysis

In his first issue, appellant challenges the sufficiency of the evidence to support the finding that he committed the aggravated robbery. In his second issue, appellant challenges the trial court's ruling on his motion to suppress. Appellant did not challenge the findings that he failed to pay court costs and fines, and that he failed to attend drug and alcohol counseling. Therefore, we can uphold the trial court's revocation of probation on those unchallenged grounds. *See, e.g., Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Because appellant challenges only one of the three allegations for the revocation of his probation, the trial court did not abuse its discretion in adjudicating appellant's guilt. Appellant's two issues are overruled.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Justices Brown, Boyce, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).

4