

IN THE
TENTH COURT OF APPEALS

---

No. 10-11-00269-CR

EDWARDO LEE DIAZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

---

From the 272nd District Court
Brazos County, Texas
Trial Court No. 09-01032-CRF-272

---

MEMORANDUM OPINION

---

Appellant, Edwardo Lee Diaz, appeals the revocation of his community supervision. In his sole issue, Diaz argues that the trial court abused its discretion in revoking his community supervision because the evidence supporting revocation is insufficient. We affirm.

I.    BACKGROUND

Pursuant to a plea agreement with the State, Diaz entered a plea of guilty to a charge of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. §

22.02(a)(2) (West 2011). The State waived the deadly weapon finding. The trial court subsequently sentenced Diaz to ten years' incarceration, suspended the sentence, and placed him on community supervision for a term of eight years.

On January 25, 2011, the State filed a motion to revoke Diaz's community supervision, alleging that he violated the conditions of his community supervision by committing a robbery on June 9, 2010. The State later amended its motion to revoke alleging, in addition to the June 9, 2010 robbery, several other violations of Diaz's community supervision, including: (1) a public-intoxication arrest on June 21, 2009; (2) a conviction for theft of property valued at more than $50 but less than $500 alleged to have occurred on October 4, 2009; (3) Diaz's failure to report these arrests to his supervising officer; (4) Diaz's failure to pay restitution from November 2009 to July 2010 and supervision fees from December 2009 to July 2010; and (5) Diaz's failure to complete 200 hours of community service.

On May 24, 2011, the trial court conducted a hearing on the State's motion to revoke. At the hearing, Diaz pleaded "not true" to all of the allegations contained in the State's motion to revoke. After hearing testimony from several witnesses, the trial court found all of the allegations contained in the State's motion to revoke to be true and sentenced Diaz to seven years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II.    STANDARD OF REVIEW

We review a trial court's decision to revoke a defendant's community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763

(Tex. Crim. App. 2006). The State's burden of proof is by a preponderance of the evidence, and proof of a single violation of community supervision is sufficient to support revocation. *Id.* at 763-64; *see Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). The state meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of community supervision as alleged. *See Rickels*, 202 S.W.3d at 764; *see also Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983).

In a hearing on a motion to revoke community supervision, the trial court is the sole trier of fact and is also the judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *see Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Moreover, on appeal, we examine the evidence in the light most favorable to the trial court's ruling. *See Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008) (stating that the reviewing court is to defer to the trial court's resolution of disputed facts and reasonable inferences that can be drawn from those facts); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Duncan v. State*, 321 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *see also Pinon v. State*, No. 12-10-00400-CR, 2011 Tex. App. LEXIS 7332, at *3 (Tex. App.—Tyler Sept. 7, 2011, no pet.) (mem. op., not designated for publication).

### III. ANALYSIS

In his sole issue on appeal, Diaz contends that the trial court abused its discretion in revoking his community supervision. Specifically, Diaz argues that the record does

not contain sufficient evidence to demonstrate that he: (1) participated in the alleged June 9, 2010 robbery; (2) failed to pay restitution and community-supervision fees; and (3) failed to complete his community service.

However, in his brief, Diaz neither references nor challenges the State's allegations pertaining to the June 21, 2009 public-intoxication arrest and the theft conviction.[1] As such, we can uphold the trial court's revocation of community supervision on those unchallenged grounds. *See, e.g., Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Castro-Marquez v. State*, No. 14-11-00314-CR, 2011 Tex. App. LEXIS 10068, at **5-6 (Tex. App.—Houston [14th Dist.] Dec. 22, 2011, no pet.) (mem. op., not designated for publication); *Ferris v. State*, No. 01-09-00676-CR, 2011 Tex. App. LEXIS 1232, at **5-6 (Tex. App.—Houston [1st Dist.] Feb. 17, 2011, no pet.) (mem. op., not designated for publication) ("Thus, in order to prevail on appeal, the defendant must successfully challenge all of the findings that support the revocation order."). Because Diaz does not challenge all of the allegations made by the State in its motion to revoke, we cannot say that the trial court abused its discretion in revoking Diaz's community supervision.[2] *See Smith*, 286 S.W.3d at 342; *Rickels*, 202 S.W.3d at 763; *Moore*,

---

[1] The record contains a copy of Diaz's theft conviction, which transpired after he was placed on community supervision for the underlying aggravated assault with a deadly weapon charge. Diaz did not object to the admission of this judgment into evidence.

[2] And, even if Diaz had challenged all of the grounds upon which the revocation was based, the record contains uncontroverted testimony from Vicki Van Liere, an adult probation officer for Brazos County, who explained Diaz's community supervision conditions and testified that Diaz failed to complete any of his community-service hours, pay $6,382.96 in court-ordered restitution, or report his arrests for theft and public intoxication to his probation officer—all of which supported revocation of Diaz's community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *see also Ferris v. State*, No. 01-09-00676-CR, 2011 Tex. App. LEXIS 1232, at **13-14 (Tex. App.—Houston [1st Dist.] Feb. 17, 2011, no pet.) (mem. op., not

605 S.W.2d at 926; *see also Castro-Marquez*, 2011 Tex. App. LEXIS 10068, at **5-6; *Rollins*, 2011 Tex. App. LEXIS 8974, at *3. Diaz's issue is overruled.

## IV.    CONCLUSION

Having overruled Diaz's sole issue on appeal, we affirm the judgment of the trial court.


                                     AL SCOGGINS
                                       Justice


Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Opinion delivered and filed March 14, 2012
Do not publish
[CR25]

---

designated for publication) (affirming a revocation of community supervision based on appellant's plea of true to the allegation that he failed to complete his community-service requirements).