**Affirmed and Opinion Filed November 19, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01538-CR

**JERRY WILLIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F08-59040-T**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Bridges

Appellant Jerry Willis pleaded guilty to unlawful possession with intent to deliver a controlled substance in 2009. The trial court deferred adjudication, sentenced him to seven years' probation, and imposed a $2,000 fine. The State later moved to revoke probation for committing assault, failing to pay his fine and court costs, and for not paying his probation fee. Willis pleaded not true to the assault but pleaded true to the other two grounds. After a hearing on the motion to revoke, the trial court found all allegations true and sentenced him to twelve years' confinement. In a single issue, Willis argues the trial court abused its discretion by allowing the victim to testify about Willis's mental state during the assault. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

## Background

The following facts are from the revocation hearing. Willis and Chaznee Coffee-Jones began dating around August of 2009 and continued their relationship for approximately four years. Chaznee knew of Willis's prior drug use, but it was not an issue while they dated. She said their relationship had, at times, been violent. Because of his violent behavior, Chaznee ended their relationship around September or October of 2012.

On December 16, 2012, Chaznee was preparing to walk to work. As she walked outside, she saw Willis and decided to go back inside. She waited approximately twenty minutes, and he did not leave. Based on his previous actions of hanging around her apartment, she knew he probably was not going to leave. She decided to leave for work anyway.

Willis began following her. He called her name, but she said she did not want to talk. Chaznee tried to walk in areas where people were present. At one point, she asked some people to call the police. However, because she did not speak Spanish, they did not understand her. She further admitted that to anyone walking by, Willis's behavior would not draw attention because he was not acting aggressively towards her. At one point, she pulled out a can of mase, which she had used on him before, but she then put it away and kept walking.

As Chaznee approached the rent office, she started running, but before she got very far, she was in a headlock. She described it as feeling like "my head got hot and my feet got cold." She could not breathe. She unequivocally identified Willis as the man who grabbed her.

Chaznee believed Willis was trying to get her back to her apartment. She wanted to avoid being alone with him so when the two approached a hill, she forced them to fall. She hoped to land on top of him, but instead, Willis landed on top of her. He then punched her twice in the left eye. Counsel asked Chaznee if she said anything to Willis and the following testimony occurred:

A. I was just saying, you know, "I love you," you know, "I'm sorry." And he was like, "You already took it too far."

Q. Okay. What did he mean by that?

A. He doesn't like to be embarrassed.

Q. Why was he embarrassed?

Defense Counsel: I'm going to object, your Honor. This witness can't testify to why a person would be embarrassed. She doesn't know what's in his head. So I object to that question. She can't answer that.

The Court: Overruled.

Chaznee then explained that when incidents happened that were just between the two of them, Willis could convince her it was "nothing." If she told someone or someone found out, then it became "bigger than just a tussle" between the two of them. She said he was embarrassed that she asked people for help outside the apartment.

Chaznee said Willis left after hitting her twice. She ran to a nearby apartment and knocked on the door. A woman answered. The woman testified she opened the door to a scared woman with blood all over her face and marks on her neck. The woman did not know Chaznee, but the first thing Chaznee told her was that her ex-boyfriend beat her up. The woman called the police, and shortly thereafter, an ambulance took Chaznee to the hospital.

Willis broke Chaznee's orbital bone, and she required surgery. She needed a metal plate and a mesh plate under her eye to keep it in place. She experienced blurred and double vision because of nerve damage. The injuries she sustained left her unable to feel most of the left side of her face.

Despite defense counsel's attempts to challenge Chaznee's credibility, the trial court found the State had proven the assault allegation in its motion to revoke by a preponderance of the evidence. The trial court revoked Willis's probation and sentenced him to twelve years' confinement. This appeal followed.

–3–

**Discussion**

We review a trial court's decision to allow opinion testimony from lay witnesses for an abuse of discretion. *Fairow v. State*, 943 S.W.2d 895, 901 (Tex. Crim. App. 1997) (en banc); *Brown v. State*, No. 05-09-01287-CR, 2011 WL 382634, at *9 (Tex. App.—Dallas Feb. 8, 2011, no pet.) (not designated for publication). A lay witness may offer opinions which are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." TEX. R. EVID. 701. Under the facts of this case, we conclude it is unnecessary to determine whether the trial court erred in admitting Chaznee's testimony about her belief as to why Willis was embarrassed because, even assuming without deciding the trial court erred, Willis was not harmed by the evidence.

A violation of evidentiary rules resulting in the erroneous admission of evidence is nonconstitutional error, subject to a harm analysis under rule 44.2(b). *See* TEX. R. APP. P. 44.2(b); *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). Any nonconstitutional error that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Coble*, 330 S.W.3d at 280. A criminal conviction should not be overturned for nonconstitutional error if the appellate court, after examining the record as a whole, has fair assurance the error did not influence the fact-finder, or had but a slight effect on its verdict. *Id.*

Chaznee was "one hundred percent" sure Willis was the man who assaulted her on December 16, 2012. As Willis correctly states in his brief, "Appellant's intent could be clearly inferred by his actions to which Chaznee testified without hesitation or qualification." The State admitted medical records accurately reflecting her injuries. A witness testified as to Chaznee's appearance when she appeared on her door step that day. She further testified Chaznee told her

–4–

an "ex-boyfriend" beat her up. Therefore, the admission of testimony regarding whether Willis was embarrassed did not have a substantial and injurious effect or influence the trial court's finding that the State proved the assault charge, as alleged in its motion to revoke, by a preponderance of the evidence.

Moreover, in a probation revocation hearing, proof of a single violation is sufficient to support revocation. *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Swingle v. State*, No. 05-13-00430-CR, 2014 WL 1031038, at *3 (Tex. App.—Dallas Feb. 27, 2014, pet. ref'd) (mem. op., not designated for publication). Willis pleaded true to violating two other terms of his probation. Accordingly, after examining the record as a whole, we have fair assurance any alleged error did not influence the trial court's decision. Willis's sole issue is overruled.

## Conclusion

The judgment of the trial court is affirmed.

Do Not Publish
TEX. R. APP. P. 47
131538F.U05

/David L. Bridges/
—————————————————
DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JERRY WILLIS, Appellant

No. 05-13-01538-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-0859040-T.
Opinion delivered by Justice Bridges.
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 19, 2014.