

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0251-22

**CALLIE RENEE INMAN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### GALVESTON COUNTY

*Per curiam.* NEWELL, J., filed a concurring opinion in which HERVEY, RICHARDSON, and MCCLURE, JJ., joined. KEEL, J., filed a dissenting opinion in which KELLER, P.J., YEARY, and SLAUGHTER, JJ., joined.

### O P I N I O N[1]

Appellant, Callie Renee Inman, was indicted for intoxication manslaughter and manslaughter. She pled guilty to the lesser-included offense of criminally negligent homicide, and the State dismissed the intoxication manslaughter count. The trial judge

---

[1] Originally appealed to the Fourteenth Court of Appeals, this case was transferred to the Thirteenth Court of Appeals by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE § 73.001.

placed her on deferred-adjudication community supervision for five years. The State subsequently filed several motions to adjudicate. After Appellant was arrested, a hearing was held. The trial court revoked her community supervision and adjudicated her guilty plea based on multiple violations of the conditions of her supervision.

On direct appeal, Appellant argued, among other things, that the admission of certain evidence at her adjudication hearing violated the Confrontation Clause of the Sixth Amendment. The court of appeals disagreed in an unpublished opinion. It cited law from the Fourteenth District Court of Appeals (the original court for this filing), holding the Sixth Amendment Confrontation Clause does not apply during post-conviction proceedings. *Inman v. State*, No. 13-20-00349-CR, 2022 WL 709832, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 10, 2022) (mem. op, not designated for publication) (quoting *Trevino v. State*, 218 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2007, no pet.)). Appellant filed a petition for discretionary review, and we granted review of the Confrontation Clause issue. However, after considering the parties' briefs and the record, we conclude that our decision to grant review was improvident. We therefore dismiss Appellant's petition for discretionary review as improvidently granted.

Delivered: May 17, 2023

Do Not Publish